**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

ANA LIDIA ALPIZAR-FALLAS, Individually and on behalf of all others similarly situated,

Plaintiff

vs.

FRANK E. FAVERO; JOHN DOE 1-5; JOHN DOE INCORPORATED 1-5: (fictitious designations), BRIAN BARBOSA, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY,

Defendants.

Civil Action No.: 3:17-cv-02768

**Jury Trial Demanded**

**CLASS ACTION**

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Progressive Garden State Insurance Company ("Progressive Garden State" or "Progressive") and Brian Barbosa ("Barbosa") (collectively, "Defendants"), by their counsel, hereby give notice of removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, from the Superior Court of New Jersey, Somerset County, New Jersey to the United States District Court for the District of New Jersey. In support of this removal, Progressive and Barbosa state as follows:

**FACTUAL BACKGROUND**

1. On or about January 10, 2017, Plaintiff Ana Lidia Alpizar-Fallas ("Plaintiff") filed an Amended Complaint purporting to bring a putative state court class action against "Progressive Insurance Company" and Brian Barbosa in the Superior Court of New Jersey, Somerset County, styled *Ana Lidia Alpizar-Fallas, individually and on behalf of all others*

*similarly situated v. Frank E. Favero, John Doe 1-5, John Doe Incorporated (fictitious designations), Brian Barbosa, and Progressive Insurance Company*, Case No. SOM-L-1588-16 (the "State Court Action").

2. Plaintiff did not make proper service of the First Amended Complaint on "Progressive Insurance Company" or on Mr. Barbosa. Furthermore, "Progressive Insurance Company" is not an entity.

3. On or about March 28, 2017, Plaintiff filed a Second Amended Complaint, which contains the same allegations as the First Amended Complaint. The Second Amended Complaint properly named Progressive Garden State Insurance Company as a Defendant.

4. On April 4, 2017, pursuant to New Jersey Rule 4:4-6, the undersigned counsel accepted service on behalf of Progressive and Barbosa. A true and correct copy of counsel's Acknowledgement of Service is attached hereto as Exhibit A.

5. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

6. The State Court Action purports to assert negligence, violation of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8, *et seq.*, and violation of the Unfair Claims Settlement Practices ("UCSP") regulations contained at N.J.A.C. 11:2-17, *et seq.*, against Progressive.[1] Second Am. Compl. (Mar. 13, 2017) ¶¶ 13-54. The asserted claims arise out of Progressive's alleged improper practice of stripping its insureds of their rights to pursue claims against other Progressive policy holders. *Id*.

[1] Defendants do not admit the underlying facts or allegations and expressly deny any liability to Plaintiff and the putative class. Defendants reserve their right to challenge the legal sufficiency of the Second Amended Complaint.

7. Plaintiff seeks certification of a class consisting of: "all present and former policy holders of Defendant Progressive who were involved in motor vehicle accidents with other parties also insured by Defendant Progressive." *Id.* ¶ 23.

8. Plaintiff seeks recovery on behalf of herself and the respective class for compensatory damages, interest, injunctive and declaratory relief, and attorneys' fees and costs. *Id*. at 11-12. Plaintiff also seeks an order permanently enjoining Progressive from misleading class members now and in the future in connection with obtaining general release agreements. *Id.* Specifically, Plaintiff seeks an order requiring Progressive to: (1) notify any person who signs a comprehensive general release that such release is of no legal force and effect; (2) train its claims employees to insure that proper written guidance is given to insureds before they sign any documents containing a release of claims; and (3) communicate with its policy holders in their native and plain understandable language when any request for a comprehensive general release is communicated. *Id.*

## GROUNDS FOR REMOVAL

9. This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5,000,000 or more, aggregating all claims and exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As described below, each of these requirements is met here.

### A. Minimal Diversity Exists

10. In accordance with 28 U.S.C. § 1332(d)(2)(A), there is diversity in this action.

11. The State Court Action alleges that Plaintiff is a citizen of the state of New Jersey. Second Am. Compl. ¶ 1.

12. Defendant Progressive has its principal place of business in Ohio, where its business activities are directed, controlled, and coordinated. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181 (2010). Progressive is therefore a citizen of Ohio for diversity purposes.

13. Accordingly, there is minimal diversity of citizenship under CAFA.

**B. The Proposed Class Consists of More than 100 Members**

14. In accordance with 28 U.S.C. § 1332(d)(2)(B), there are more than 100 putative class members in this action.

15. Plaintiff brings this action on behalf of a putative class of "all present and former policy holders of Defendant Progressive who were involved in motor vehicle accidents with other parties also insured by Defendant Progressive." Second Am. Compl. ¶ 23.

16. Plaintiff alleges that "the number of individuals that were insured by Defendant Progressive who were involved in motor vehicle accidents with other drivers who had insurance policies with Defendant Progressive would exceed 150 individuals." *Id*. ¶ 48.

17. In fact, during the relevant time period there were 4,249 unique claims in which: (1) a Progressive New Jersey insured was involved in a motor vehicle accident with another party also insured by Progressive, and (2) Progressive made a payment on the claim. Plaintiff's proposed class definition is not limited to claims that were paid. Including claims not paid would add another 4,359 potential class members.

18. Accordingly, the putative class consists of more than 100 members, satisfying the requirements of CAFA.

**C. The Amount in Controversy Exceeds $5,000,000**

19. In accordance with 28 U.S.C. § 1332(d)(2)(C), the amount in controversy in this action exceeds $5,000,000.

20. Although the Second Amended Complaint does not specify the amount of the damages being sought by Plaintiff and the putative class, based on the substance and scope of the claims that are asserted and the remedies requested, the allegations pled in the State Court Action give rise to an amount in controversy in excess of $5,000,000.

*Claims at Issue*

21. Plaintiff brings this action on behalf of a putative class of "all present and former policy holders of Defendant Progressive who were involved in motor vehicle accidents with other parties also insured by Defendant Progressive." Second Am. Compl. ¶ 23.

22. During the relevant time period of January 10, 2011 to January 31, 2017, there were 4,249 unique claims in which: (1) a Progressive New Jersey insured was involved in a motor vehicle accident with another party also insured by Progressive, and (2) Progressive made a payment on the claim.

23. The total amount paid on these 4,249 claims was $39,756,943.28. The average claim payment was approximately $9,356.78.[2]

24. Plaintiff's Second Amended Complaint alleges that Defendant Progressive engaged in deceptive and unconscionable practices whereby Progressive strips policy holders of their rights to pursue claims against other Progressive policy holders. Second Am. Compl. ¶¶ 44-46.

[2] There were an additional 4,359 claims for which Progressive did not make payment. To the extent Plaintiff's theory of liability extends to those claims, the amount in controversy would be greater.

25. It is unclear what additional amount Plaintiff believes Progressive owes her and the members of the putative class. Even if each of the 4,249 claims was underpaid by as little as 13%, compensatory damages alone would exceed $5 million.

*Attorneys' Fees*

26. In addition to damages, Plaintiff and the class seek attorneys' fees.

27. Attorneys' fees are included in calculating the amount in controversy under CAFA. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). Attorneys' fees can "be as much as thirty percent of the judgment." *Id.* (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005)).

28. Assuming compensatory damages of $5 million under the CFA, an award of attorneys' fees could reach as high as $1,666,667. Even if the 4,249 claims were underpaid by only 10% (resulting in compensatory damages of $3.98 million), an award of attorneys' fees of 1/3 ($1.33 million) would place the amount in controversy above $5.3 million.

*Injunctive Relief*

29. Third, Plaintiff and the proposed class seek extensive injunctive relief. Second Am. Compl. at 11-12.

30. Injunctive relief is used to calculate the amount in controversy under CAFA, even where calculating the exact cost of the relief is difficult. *See Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 485 (W.D. Pa. 2009) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.")).

31. Implementing the injunctive relief Plaintiff seeks would require significant time and expense. Specifically, Progressive would need to provide training for its employees in the State of New Jersey relating to Plaintiffs' preferred (but currently unknown) procedures related to the explanation and acceptance of general releases. Furthermore, as Plaintiff does not limit the number of languages through which she wants Progressive to converse with its insureds, it is unclear how many translators Progressive would need to hire or how many, and which, languages they would need to speak. According to the 2000 census, more than 2,000,000 of New Jersey's nearly 8,000,000 residents over the age of five years old spoke one of 15 languages other than English at home.[3] To hire outside employees conversant in 15 languages other than English (or provide training for same) would be a substantial undertaking at great cost to Progressive.

32. Accordingly, while Defendant does not concede that Plaintiff or members of the proposed class are entitled to the damages Plaintiff seeks, the matter in controversy well exceeds the sum or value of $5,000,000 if certified, including statutory and common-law damages, attorneys' fees, and an injunctive order in accordance with Plaintiff's Prayer for Relief. Second Am. Compl. at 11-12.

**COMPLIANCE WITH REMOVAL STATUTE**

33. The Notice of Removal was properly filed in the United States District Court for the District of New Jersey, Trenton, because the Superior Court of New Jersey, Somerset County is located within the District of New Jersey, Trenton. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[3] www.judiciary.state.nj.us/interpreters/languages.html

34. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

35. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of proper service.

36. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5.1, annexed hereto are copies of all process documents, pleadings and orders served on Progressive and Barbosa by Plaintiff with respect to the State Court Action.

37. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice to Clerk of Removal, will be promptly filed with the Clerk of the Superior Court of New Jersey, Somerset County, State of New Jersey.

38. Pursuant to 28 U.S.C. § 1446(b)(2)(C), co-Defendant Frank Favero has consented to removal.

## CONCLUSION

For the foregoing reasons, Defendants Progressive and Barbosa respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of New Jersey, Somerset County, State of New Jersey. Defendants further request all such other and further relief as this Court deems just and proper.

Dated: April 24, 2017

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

BY: /s/ Francis X. Nolan, IV
Francis X. Nolan, IV
Kymberly Kochis (*pro hac vice pending*)
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Facsimile: (212) 386-5099
FrankNolan@eversheds-sutherland.com

**Attorneys for Defendants PROGRESSIVE GARDEN STATE INSURANCE COMPANY and BRIAN BARBOSA**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Notice of Removal has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on this 24th day of April, 2017. The undersigned further certifies that a true and correct copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, upon the attorneys listed below, on this 24th day of April, 2017:

Edward P. Capozzi, Esq.
Charles X. Gormally, Esq.
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
*Attorneys for Plaintiff*

Matthew Mitchell, Esq.
Francis J. Leddy, III, Esq.
Cipriani & Werner
155 Gaither Drive, Suite B
Mt. Laurel, New Jersey 08054
*Attorneys for Defendant Frank E. Favero*

/s/ Francis X. Nolan, IV