RECEIVED ONLY/FILED
SUPERIOR COURT OF NJ
SOMERSET COUNTY

2017 MAR 20 A 9:00

DEPUTY CLERK
CIVIL DIVISION

REVIEWED________

**Edward P. Capozzi, ESQ. -042602004**
**Charles X. Gormally, ESQ.- 023581979**
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiff

| | |
|---|---|
| ANA LIDIA ALPIZAR-FALLAS, Individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>FRANK E. FAVERO; JOHN DOE 1-5; JOHN DOE INCORPORATED 1-5; (fictitious designations), BRIAN BARBOSA, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY,<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>DIVISION: SOMERSET COUNTY<br><br>DOCKET NO.: SOM-L-1588-16<br><br>Civil Action<br><br>**SECOND AMENDED COMPLAINT, CERTIFICATION. PURSUANT TO R. 4:5-1; DEMAND FOR JURY TRIAL; DESIGNATION. OF TRIAL COUNSEL; STATEMENT OF DAMAGES PURSUANT TO R. 4:5-2** |

Plaintiff, Ana Lidia Alpizar-Fallas, by and through her counsel, Brach Eichler LLC, for her Complaint against the Defendants both individually and on behalf of all others similarly situated alleges as follows.

## PARTIES

1. At all times material hereto, Plaintiff, Ana Lidia Alpizar-Fallas, was a resident of the State of New Jersey, residing at 120 N. 4th Avenue, Apt. 11, Manville, County of Somerset, New Jersey 08835.

2. At all times material hereto, Defendant, Frank E. Favero, was a resident of the State of New Jersey residing at 108 S. 19th Avenue, Manville, County of Somerset, New Jersey 08835.

3. At all times material hereto, Defendant, Progressive Garden State Insurance Company ("Progressive"), was licensed and authorized to issue insurance contracts and/or policies in the State of New Jersey.

4. At all times material hereto, Defendant, Bryan Barbosa ("Barbosa"), was an agent and/or employee of Defendant, Progressive, and acted as a claims adjuster on behalf of Progressive under their direct supervision.

5. At all times material hereto, Defendants, John Doe 1-5; were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said Defendants being presently unknown. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs. The Plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the Defendants represented herein as John Doe 1-5.

6. At all times material hereto, Defendants, John Doe Incorporated 1-5; were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs. The

Plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as John Doe Incorporated 1-5.

7. All Defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff herein incorporates paragraphs 1 through 17 as though the same were set forth herein at length.

9. On or about December 14, 2014, Plaintiff, Ana Lidia Alpizar-Fallas, was a passenger in a vehicle that was traveling northbound on Route 206 at or near its intersection with Camplain Road, Hillsborough Township, County of Somerset and State of New Jersey.

10. At the above time and place, Defendant, Frank E. Favero was the owner and operator of a vehicle that was traveling northbound on Route 206 at or near its intersection with Camplain Road, Hillsborough Township, County of Somerset and State of New Jersey.

11. At the above time and place, Plaintiff, Ana Lidia Alpizar-Fallas, was a named insured with an insurance policy with Defendant, Progressive that was valid and in full force and effect at the time of the accident.

12. At the above time and place, Defendant, Frank E. Favero, was a named insured with an insurance policy with Defendant, Progressive that was valid and in full force and effect at the time of the accident.

## COUNT I- NEGLIGENCE

13. Plaintiff herein incorporates paragraphs 1 through 12 as though the same were set forth herein at length.

14. At the above time and place, Defendant, Frank Favero, and/or John Does 1-5 (fictitiously named) and/or John Doe Incorporated 1-5 (fictitiously named), so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause a collision with Plaintiff's vehicle.

15. At the above time and place Defendants, John Does 1-5 (fictitiously named) and John Doe Incorporated 1-5 (fictitiously named), their agents or assigns so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause the within collision.

16. As a result of the individual, joint and/or several tortuous conduct of the various Defendants as set forth above, Plaintiff, Ana Lidia Alpizar-Fallas , was caused to be violently twisted, jolted, strained and lurched about thereby sustaining serious injuries and damages.

17. As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past and will in the future be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for care and treatment of the injuries she has suffered, all to her great detriment and loss.

18. As a further result of this incident and by reason of the injuries sustained, Plaintiff has sustained an impairment of her earning capacity and power, all to her great detriment and loss.

19. As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past incurred and will in the future continue to incur other financial losses or expenses.

20. As a further result of this accident and by reasons of the injuries sustained, Plaintiff has in the past suffered and will in the future continue to suffer great pain, suffering, agony, mental anguish, embarrassment and humiliation, all to her great detriment and loss.

21. As a further result of this incident and by reasons of the injuries sustained, plaintiff has in the past and will in the future be hindered from attending to her daily duties, functions and occupation, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, by and through her counsel demand compensatory damages, as well as interests, costs, disbursements, attorneys fees, and other relief as this Honorable Court may deem just and proper.

## COUNT II---CLASS ACTION COMPLAINT

22. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiffs, as class representatives, bring this action pursuant to New Jersey Court Rules 4:32-1(a) and 4:32-1(b)(2) and/or (b)(3), on behalf of a class consisting of all present and former policy holders of Defendant Progressive who were involved in motor vehicle accidents with other parties also insured by Defendant Progressive.

24. Plaintiff, Ana Lidia Alpizar-Fallas, individually and on behalf of all similarly situated, brings this Amended Class Action Complaint seeking compensatory damages, injunctive and declaratory relief, as well as attorneys' fees and costs, against Defendants, Progressive and Barbosa and alleges as follows.

25. On or about December 14, 2014, immediately following the accident, Plaintiff was transported by ambulance from the scene of the accident to Robert Wood Johnson University Hospital, located in Somerset, New Jersey.

26. On or about December 14, 2014, Plaintiff was discharged to her home from Robert Wood Johnson University Hospital.

27. On or about December 15, 2014, at approximately 7:00 – 8:00 a.m., Defendant Barbosa contacted the Plaintiff and/or her husband, Jose Ovares, by phone as an agent/employee of Defendant Progressive.

28. Defendant, Barbosa, represented to Plaintiff, Ana Lidia Alpizar-Fallas and her husband, Jose Ovares, that he was an agent of the Plaintiff's insurance company Progressive, and that he was in the neighborhood and that Plaintiff's insurance company wanted him to visit the Plaintiff, inspect the damage to her motor vehicle and sign paperwork to expedite the processing of the property damage claim.

29. On or about December 15, 2014, at approximately 9:00 a.m., Defendant, Barbosa, arrived at the Plaintiff's property, and produced multiple documents for the Plaintiff and her husband, Jose Ovares, to complete.

30. Defendant, Barbosa, expressly represented to the Plaintiff, and her husband, Jose Ovares, that their signatures were necessary for their insurance company, Defendant, Progressive to expedite the processing of the property damage claim.

31. Defendant Barbosa, represented to the Plaintiff that the accident that resulted in severe injury to the Plaintiff had a questionable issue of liability.

32. Defendant Barbosa, required the Plaintiff to sign a document that he expressly represented would expedite the property damage claim of the accident.

33. When presented with the document, and in reliance upon the express representations of Defendant Barbosa that signing the document would facilitate Plaintiff's receipt of payment for the property damage caused by the accident, the Plaintiff signed the document.

34. Plaintiff is not a sophisticated business person or skilled in understanding the significance of legal agreements. Instead, Plaintiff relied on the express false representations of the agent and/or

employee of her insurance company's claims adjuster---Defendant Barbosa---that the documents he prepared and delivered to her needed to be signed merely to facilitate her receipt of the money for the damages to her motor vehicle.

35. Unbeknownst to the Plaintiff, the Defendant Barbosa falsely represented the nature of the documents that Plaintiff signed. The document, prepared by the Insurance Defendants was in fact a broadly written comprehensive general release of any and all claims.

36. The release contained language that released, acquitted and forever discharged all claims against Defendant, Frank Favero for any and all known and unknown personal injuries resulting from the motor vehicle accident.

37. Defendant Barbosa, through his acts and/or omissions did not explain the legal significance of the document he demanded the Plaintiff to sign.

38. Defendant Barbosa, did not speak the Plaintiff's native language, Spanish.

39. Defendant Barbosa, required the Plaintiff to sign the release in his presence at her home.

40. Defendant Barbosa, did not advise Plaintiff that she could or should seek an attorney prior to signing the release.

41. Plaintiff did not understand that by signing the document presented to her by Defendant Barbosa, that she was waiving her right to sue the Defendant, Frank E. Favero----also a person insured by Progressive---- for injuries sustained in the accident.

42. Plaintiff reasonably relied on the materially false representations of the Insurance Company Defendants Defendant, Bryan Barbosa, when she signed the documents since Defendant Barbosa, represented to the Plaintiff that he was an agent of the Plaintiff's own insurance company, Progressive.

43. Prior to the signing the documents presented to her on December 15, 2015, and at various and numerous dates subsequent thereto, Defendants Barbosa and Progressive and others at the insurance company have engaged in this same pattern of unlawful conduct with respect to other similarly situated individuals.

44. As a result of this deceptive and unconscionable practice, present and former insurance policy holders of Defendant, Progressive have and continue to be stripped of their rights to pursue claims against other policy holders of Progressive Garden State Insurance Company due to the Defendants' false and misleading representations, in violation of state law and regulations of the State of New Jersey applicable to insurance companies engaged in claims resolution.

45. The unconscionable business practices of Progressive amount to a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. entitling the Plaintiff on her own behalf and as a Class Representative to declaratory relief, injunctive relief, compensatory damages, and trebled damages pursuant to the Act.

46. The unconscionable business practices of Progressive amount to a violation of the Unfair Claims Settlement Practices regulations contained at N.J.A.C. 11:2-17 et seq. entitling the Plaintiff on her own behalf and as a Class Representative to relief.

47. While the precise number of class members is presently unknown to the Plaintiff, class members include all individuals that purchased and maintained insurance policies with Defendant Progressive, who were injured as a result of a motor vehicle accident with other drivers who were insured by Defendant Progressive at the time of a motor vehicle accident within the past six (6) years preceding the filing of this class action complaint.

48. Upon information and belief, the number of individuals that were insured by Defendant Progressive who were involved in motor vehicle accidents with other drivers who had insurance policies

with Defendant Progressive would exceed 150 individuals. The number of class members is so numerous that joinder of all class members is impracticable.

49. The members of the class are readily identifiable from records maintained by, and in the possession of, Defendant Progressive, and will be notified of this class action using the methods of notice that are customarily used in class actions.

50. Plaintiff's claims are typical of the members of the class, as all class members are similarly affected by the unlawful conduct of Defendants as alleged in this class action complaint.

51. As a result of Defendants' systematic practice of misleading its injured insureds to sign comprehensive general releases within days of an accident in order to prevent its injured insureds from pursuing a claim against drivers who were also insured by Defendant Progressive, the class action mechanism is superior to all other available means and methods for the fair and efficient adjudication of this controversy since:

(a) The expense and burden of individual litigations filed by each present and former insurance policy holder of Defendant makes it difficult, if not impossible, for individual class members to obtain relief caused by Defendants' unlawful conduct:

(b) The joinder, in a single action, all individual members of the class is impracticable;

(c) The damages suffered by each individual class member will be difficult to measure in monetary terms and may likely be in amounts that make it impracticable for each individual class member to pursue; and

(d) The requested injunctive relief will impact a significant number of class members as well as benefit the future insurance policy holders of the Defendant.

52. Because Defendant Progressive, Barbosa, and other agents and or employees of Progressive are engaging in conduct that is similar to most, if not all, class members, final injunctive and/or declaratory relief is appropriate with respect to the class as a whole.

53. Common questions of law and fact exist as to all class members, and predominate over any questions that solely affect individual class members. These common questions of law and fact include:

(a) Whether Progressive and its agents, servants, and employees intentionally, purposefully and/or knowingly misled and/or misrepresented to policy holders of Progressive who were injured in automobile accidents with other insured drivers of Progressive in order to obtain their signatures on comprehensive general releases in order to prevent policy holders of Progressive to pursue a claim for injuries following an accident to which they were entitled?

(b) Whether Defendants are engaging in a systematic and widespread practice of incentivizing and/or encouraging and/or requiring agents and/or adjusters and/or employees of Defendant, Progressive to wrongly induce through misrepresentations targeted to get injured insured policy holders of Progressive to sign full releases in claims involving other insured drivers of Defendant, Progressive for nominal sums within days of an accident?

(c) Whether Defendants' practices of having its injured, insured policy holders sign comprehensive general releases for nominal sums within days of an accident for claims involving other drivers of Defendant Progressive based on the misrepresentation that it was for property damage only violates the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.?

(d) Whether comprehensive general releases obtained by Progressive and its agents and servants under similar circumstances should be declared null and void and of no further force and effect?

(e) Whether any class member who provided Progressive with a comprehensive general release, and is now barred from bringing suit pursuant to the statue of limitations, should be permitted to commence suit directly against Progressive for any damages sustained?

54. Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has no interest antagonistic to the interests of the other class members and have retained counsel experienced in handling class action litigation.

**WHEREFORE,** Plaintiff demands that this Court enter judgment against Defendants, jointly and severally, and grant the following relief:

(a) certifying this action as a class action;

(b) designating and certifying Plaintiff as class representative pursuant to R. 4:32-1;

(c) declaring Plaintiffs' counsel as class counsel pursuant to R. 4:32-1;

(d) awarding permanent injunctive relief to Plaintiff and the class members, restraining and enjoining insurance company Defendants from misleading class members now and in the future in connection with obtaining comprehensive general release agreements;

(e) Awarding permanent injunctive relief requiring the Defendant Progressive to notify any person who signed a comprehensive general release that such release is of no legal force and effect;

(f) Awarding permanent injunctive relief requiring the Defendant Progressive to engage in targeted training of its claims personal to insure that proper written guidance is given to Progressive insureds before signing any documents that contain a release of claims;

(g) Awarding permanent injunctive relief requiring the Defendant Progressive to communicate with its policy holders in their native and plain understandable language when any request for a comprehensive general release is communicated ;

(h) awarding declarative and injunctive relief to Plaintiff and the class members, declaring that the practices of the insurance company Defendants amount to an unconscionable business practice in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. and awarding compensatory and injunctive relief as a result;

(i) awarding Plaintiff and the class members attorneys' fees and reasonable litigation costs and expenses, and

(j) such other relief as this Court may deem just and proper.

BRACH EICHLER, L.L.C.

BY: ______________________________
CHARLES X. GORMALLY, ESQUIRE

______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorneys for Plaintiff

Dated: March 13, 2017

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury as to all issues.

BRACH EICHLER, L.L.C.

BY: ______________________________
CHARLES X. GORMALLY, ESQUIRE

______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorneys for Plaintiff

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to *R*. 4:25-4, Charles X. Gormally and Edward P. Capozzi, Esquire, are hereby designated as trial counsel on behalf of plaintiff.

BRACH EICHLER, L.L.C.

BY: ______________________________
CHARLES X. GORMALLY, ESQUIRE

______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorneys for Plaintiff

Dated: March 13, 2017

**CERTIFICATION PURSUANT TO R. 4:5-1**

I, Edward P. Capozzi, Esquire, hereby certify that the facts contained in the within matter are not subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief. If any of the statements made by me are willfully false, I am subject to punishment.

BRACH EICHLER, L.L.C.

BY: ______________________________
CHARLES X. GORMALLY, ESQUIRE

BY: ______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: March 13, 2017

BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068
Attorney for Plaintiffs
(973) 228-5700

ANA LIDIA ALPIZAR-FALLAS, Individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

FRANK E. FAVERO, JOHN DOE 1-5, JOHN DOE INCORPORATED 1-5, (fictitious designations), BRIAN BARBOSA and PROGRESSIVE GARDEN STATE INSURANCE COMPANY,

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SOMERSET COUNTY

DOCKET NO. SOM-L-1588-16

**Civil Action**

ACKNOWLEDGEMENT OF SERVICE

TO: Frank Nolan, Esq.
Eversheds-Sutherland

I hereby acknowledge service of the annexed summons against Defendants, Brian Barbosa and Progressive Garden State Insurance Company and the Amended and Second Amended Complaints this 4th day of April 2017

FRANK NOLAN, ESQ.

BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, New Jersey 070680
Attorney for Plaintiff
(973) 228-5700

| | |
|---|---|
| Ana Lidia Alpizar-Fallas,<br><br>Plaintiff,<br><br>vs.<br><br>Frank E. Favero, John Doe 1-5, John Doe Incorporated 1-5 (fictitious designations), Brian Barbosa and Progressive Garden State Insurance Company,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br><br>DOCKET NO. SOM-L-1588-16<br><br>**Civil Action**<br><br>**SUMMONS** |

From The State of New Jersey, To The Defendant(s) Named Above:

Bryan Barbosa

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith /s/
Michelle M. Smith, Clerk
Superior Court of New Jersey

Dated: April 4, 2017

Name of Defendant to be Served: Bryan Barbosa
Address of the Defendant: 485 A Route 1 South, Suite 410, Iselin, NJ 08830
*** $105.00 For Chancery Division Cases or $135.00 for Law Division Cases**

BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, New Jersey 070680
Attorney for Plaintiff
(973) 228-5700

| | |
|---|---|
| Ana Lidia Alpizar-Fallas,<br><br>Plaintiff,<br><br>vs.<br><br>Frank E. Favero, John Doe 1-5, John Doe Incorporated 1-5 (fictitious designations), Brian Barbosa and Progressive Garden State Insurance Company,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br><br>DOCKET NO. SOM-L-1588-16<br><br>**Civil Action**<br><br>**SUMMONS** |

From The State of New Jersey, To The Defendant(s) Named Above:

Progressive Garden State Insurance Company

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith /S/

Michelle M. Smith, Clerk
Superior Court of New Jersey

Dated: April 4, 2017

Name of Defendant to be Served: Progressive Insurance Company
Address of the Defendant: 485 A Route 1 South, Suite 410, Iselin, NJ 08830
*** $105.00 For Chancery Division Cases or $135.00 for Law Division Case**

3

2017 JAN 10

**Edward P. Capozzi, ESQ. -042602004**
**Charles X. Gormally, ESQ.- 023581979**
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiff

| | |
|---|---|
| ANA LIDIA ALPIZAR-FALLAS, Individually and on behalf of all others similarly situated,<br><br>*Plaintiff.*<br><br>vs.<br><br>FRANK E. FAVERO; JOHN DOE 1-5; JOHN DOE INCORPORATED 1-5; (fictitious designations), BRIAN BARBOSA, and PROGRESSIVE INSURANCE COMPANY,<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>DIVISION: SOMERSET COUNTY<br><br>DOCKET NO.: SOM-L-1588-16<br><br>Civil Action<br><br>**AMENDED COMPLAINT, CERTIFICATION. PURSUANT TO R. 4:5-1; DEMAND FOR JURY TRIAL; DESIGNATION. OF TRIAL COUNSEL; STATEMENT OF DAMAGES PURSUANT TO R. 4:5-2** |

Plaintiff, Ana Lidia Alpizar-Fallas, by and through her counsel, Brach Eichler LLC, for her Complaint against the Defendants both individually and on behalf of all others similarly situated alleges as follows.

## PARTIES

1. At all times material hereto, Plaintiff, Ana Lidia Alpizar-Fallas, was a resident of the State of New Jersey, residing at 120 N. 4th Avenue, Apt. 11, Manville, County of Somerset, New Jersey 08835.

2. At all times material hereto, Defendant, Frank E. Favero, was a resident of the State of New Jersey residing at 108 S. 19th Avenue, Manville, County of Somerset, New Jersey 08835.

3. At all times material hereto, Defendant, Progressive Insurance Company ("Progressive"), was licensed and authorized to issue insurance contracts and/or policies in the State of New Jersey.

4. At all times material hereto, Defendant, Bryan Barbosa ("Barbosa"), was an agent and/or employee of Defendant, Progressive and acted as a claims adjuster on behalf of Progressive under their direct supervision.

5. At all times material hereto, Defendants, John Doe 1-5; were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said Defendants being presently unknown. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs. The Plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the Defendants represented herein as John Doe 1-5.

6. At all times material hereto, Defendants, John Doe Incorporated 1-5; were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs. The

Plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as John Doe Incorporated 1-5.

7. All Defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff herein incorporates paragraphs 1 through 17 as though the same were set forth herein at length.

9. On or about December 14, 2014, Plaintiff, Ana Lidia Alpizar-Fallas, was a passenger in a vehicle that was traveling northbound on Route 206 at or near its intersection with Camplain Road, Hillsborough Township, County of Somerset and State of New Jersey.

10. At the above time and place, Defendant, Frank E. Favero was the owner and operator of a vehicle that was traveling northbound on Route 206 at or near its intersection with Camplain Road, Hillsborough Township, County of Somerset and State of New Jersey.

11. At the above time and place, Plaintiff, Ana Lidia Alpizar-Fallas, was a named insured with an insurance policy with Defendant, Progressive that was valid and in full force and effect at the time of the accident.

12. At the above time and place, Defendant, Frank E. Favero, was a named insured with an insurance policy with Defendant, Progressive that was valid and in full force and effect at the time of the accident.

**COUNT I- NEGLIGENCE**

13. Plaintiff herein incorporates paragraphs 1 through 12 as though the same were set forth herein at length.

14. At the above time and place, Defendant, Frank Favero, and/or John Does 1-5 (fictitiously named) and/or John Doe Incorporated 1-5 (fictitiously named), so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause a collision with Plaintiff's vehicle.

15. At the above time and place Defendants, John Does 1-5 (fictitiously named) and John Doe Incorporated 1-5 (fictitiously named), their agents or assigns so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause the within collision.

16. As a result of the individual, joint and/or several tortuous conduct of the various Defendants as set forth above, Plaintiff, Ana Lidia Alpizar-Fallas , was caused to be violently twisted, jolted, strained and lurched about thereby sustaining serious injuries and damages.

17. As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past and will in the future be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for care and treatment of the injuries she has suffered, all to her great detriment and loss.

18. As a further result of this incident and by reason of the injuries sustained, Plaintiff has sustained an impairment of her earning capacity and power, all to her great detriment and loss.

19. As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past incurred and will in the future continue to incur other financial losses or expenses.

20. As a further result of this accident and by reasons of the injuries sustained, Plaintiff has in the past suffered and will in the future continue to suffer great pain, suffering, agony, mental anguish, embarrassment and humiliation, all to her great detriment and loss.

21. As a further result of this incident and by reasons of the injuries sustained, plaintiff has in the past and will in the future be hindered from attending to her daily duties, functions and occupation, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, by and through her counsel demand compensatory damages, as well as interests, costs, disbursements, attorneys fees, and other relief as this Honorable Court may deem just and proper.

**COUNT II---CLASS ACTION COMPLAINT**

22. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiffs, as class representatives, bring this action pursuant to New Jersey Court Rules 4:32-1(a) and 4:32-1(b)(2) and/or (b)(3), on behalf of a class consisting of all present and former policy holders of Defendant Progressive who were involved in motor vehicle accidents with other parties also insured by Defendant Progressive.

24. Plaintiff, Ana Lidia Alpizar-Fallas, individually and on behalf of all similarly situated, brings this Amended Class Action Complaint seeking compensatory damages, injunctive and declaratory relief, as well as attorneys' fees and costs, against Defendants, Progressive and Barbosa and alleges as follows.

25. On or about December 14, 2014, immediately following the accident, Plaintiff was transported by ambulance from the scene of the accident to Robert Wood Johnson University Hospital, located in Somerset, New Jersey.

26. On or about December 14, 2014, Plaintiff was discharged to her home from Robert Wood Johnson University Hospital.

27. On or about December 15, 2014, at approximately 7:00 – 8:00 a.m., Defendant Barbosa contacted the Plaintiff and/or her husband, Jose Ovares, by phone as an agent/employee of Defendant Progressive.

28. Defendant, Barbosa, represented to Plaintiff, Ana Lidia Alpizar-Fallas and her husband, Jose Ovares, that he was an agent of the Plaintiff's insurance company Progressive, and that he was in the neighborhood and that Plaintiff's insurance company wanted him to visit the Plaintiff, inspect the damage to her motor vehicle and sign paperwork to expedite the processing of the property damage claim.

29. On or about December 15, 2014, at approximately 9:00 a.m., Defendant, Barbosa, arrived at the Plaintiff's property, and produced multiple documents for the Plaintiff and her husband, Jose Ovares, to complete.

30. Defendant, Barbosa, expressly represented to the Plaintiff, and her husband, Jose Ovares, that their signatures were necessary for their insurance company, Defendant, Progressive to expedite the processing of the property damage claim.

31. Defendant Barbosa, represented to the Plaintiff that the accident that resulted in severe injury to the Plaintiff had a questionable issue of liability.

32. Defendant Barbosa, required the Plaintiff to sign a document that he expressly represented would expedite the property damage claim of the accident.

33. When presented with the document, and in reliance upon the express representations of Defendant Barbosa that signing the document would facilitate Plaintiff's receipt of payment for the property damage caused by the accident, the Plaintiff signed the document.

34. Plaintiff is not a sophisticated business person or skilled in understanding the significance of legal agreements. Instead, Plaintiff relied on the express false representations of the agent and/or

employee of her insurance company's claims adjuster---Defendant Barbosa---that the documents he prepared and delivered to her needed to be signed merely to facilitate her receipt of the money for the damages to her motor vehicle.

35. Unbeknownst to the Plaintiff, the Defendant Barbosa falsely represented the nature of the documents that Plaintiff signed. The document, prepared by the Insurance Defendants was in fact a broadly written comprehensive general release of any and all claims.

36. The release contained language that released, acquitted and forever discharged all claims against Defendant, Frank Favero for any and all known and unknown personal injuries resulting from the motor vehicle accident.

37. Defendant Barbosa, through his acts and/or omissions did not explain the legal significance of the document he demanded the Plaintiff to sign.

38. Defendant Barbosa, did not speak the Plaintiff's native language, Spanish.

39. Defendant Barbosa, required the Plaintiff to sign the release in his presence at her home.

40. Defendant Barbosa, did not advise Plaintiff that she could or should seek an attorney prior to signing the release.

41. Plaintiff did not understand that by signing the document presented to her by Defendant Barbosa, that she was waiving her right to sue the Defendant, Frank E. Favero----also a person insured by Progressive---- for injuries sustained in the accident.

42. Plaintiff reasonably relied on the materially false representations of the Insurance Company Defendants Defendant, Bryan Barbosa, when she signed the documents since Defendant Barbosa, represented to the Plaintiff that he was an agent of the Plaintiff's own insurance company, Progressive.

43. Prior to the signing the documents presented to her on December 15, 2015, and at various and numerous dates subsequent thereto, Defendants Barbosa and Progressive and others at the insurance company have engaged in this same pattern of unlawful conduct with respect to other similarly situated individuals.

44. As a result of this deceptive and unconscionable practice, present and former insurance policy holders of Defendant, Progressive have and continue to be stripped of their rights to pursue claims against other policy holders of Progressive Insurance Company due to the Defendants' false and misleading representations, in violation of state law and regulations of the State of New Jersey applicable to insurance companies engaged in claims resolution.

45. The unconscionable business practices of Progressive amount to a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. entitling the Plaintiff on her own behalf and as a Class Representative to declaratory relief, injunctive relief, compensatory damages, and trebled damages pursuant to the Act.

46. The unconscionable business practices of Progressive amount to a violation of the Unfair Claims Settlement Practices regulations contained at N.J.A.C. 11:2-17 et seq. entitling the Plaintiff on her own behalf and as a Class Representative to relief.

47. While the precise number of class members is presently unknown to the Plaintiff, class members include all individuals that purchased and maintained insurance policies with Defendant Progressive, who were injured as a result of a motor vehicle accident with other drivers who were insured by Defendant Progressive at the time of a motor vehicle accident within the past six (6) years preceding the filing of this class action complaint.

48. Upon information and belief, the number of individuals that were insured by Defendant Progressive who were involved in motor vehicle accidents with other drivers who had insurance policies

with Defendant Progressive would exceed 150 individuals. The number of class members is so numerous that joinder of all class members is impracticable.

49. The members of the class are readily identifiable from records maintained by, and in the possession of, Defendant Progressive, and will be notified of this class action using the methods of notice that are customarily used in class actions.

50. Plaintiff's claims are typical of the members of the class, as all class members are similarly affected by the unlawful conduct of Defendants as alleged in this class action complaint.

51. As a result of Defendants' systematic practice of misleading its injured insureds to sign comprehensive general releases within days of an accident in order to prevent its injured insureds from pursuing a claim against drivers who were also insured by Defendant Progressive, the class action mechanism is superior to all other available means and methods for the fair and efficient adjudication of this controversy since:

(a) The expense and burden of individual litigations filed by each present and former insurance policy holder of Defendant makes it difficult, if not impossible, for individual class members to obtain relief caused by Defendants' unlawful conduct:

(b) The joinder, in a single action, all individual members of the class is impracticable;

(c) The damages suffered by each individual class member will be difficult to measure in monetary terms and may likely be in amounts that make it impracticable for each individual class member to pursue; and

(d) The requested injunctive relief will impact a significant number of class members as well as benefit the future insurance policy holders of the Defendant.

52. Because Defendant Progressive, Barbosa, and other agents and or employees of Progressive are engaging in conduct that is similar to most, if not all, class members, final injunctive and/or declaratory relief is appropriate with respect to the class as a whole.

53. Common questions of law and fact exist as to all class members, and predominate over any questions that solely affect individual class members. These common questions of law and fact include:

(a) Whether Progressive and its agents, servants, and employees intentionally, purposefully and/or knowingly misled and/or misrepresented to policy holders of Progressive who were injured in automobile accidents with other insured drivers of Progressive in order to obtain their signatures on comprehensive general releases in order to prevent policy holders of Progressive to pursue a claim for injuries following an accident to which they were entitled?

(b) Whether Defendants are engaging in a systematic and widespread practice of incentivizing and/or encouraging and/or requiring agents and/or adjusters and/or employees of Defendant, Progressive to wrongly induce through misrepresentations targeted to get injured insured policy holders of Progressive to sign full releases in claims involving other insured drivers of Defendant, Progressive for nominal sums within days of an accident?

(c) Whether Defendants' practices of having its injured, insured policy holders sign comprehensive general releases for nominal sums within days of an accident for claims involving other drivers of Defendant Progressive based on the misrepresentation that it was for property damage only violates the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.?

(d) Whether comprehensive general releases obtained by Progressive and its agents and servants under similar circumstances should be declared null and void and of no further force and effect?

(e) Whether any class member who provided Progressive with a comprehensive general release, and is now barred from bringing suit pursuant to the statue of limitations, should be permitted to commence suit directly against Progressive for any damages sustained?

54. Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has no interest antagonistic to the interests of the other class members and have retained counsel experienced in handling class action litigation.

**WHEREFORE,** Plaintiff demands that this Court enter judgment against Defendants, jointly and severally, and grant the following relief:

(a) certifying this action as a class action;

(b) designating and certifying Plaintiff as class representative pursuant to R. 4:32-1;

(c) declaring Plaintiffs' counsel as class counsel pursuant to R. 4:32-1;

(d) awarding permanent injunctive relief to Plaintiff and the class members, restraining and enjoining insurance company Defendants from misleading class members now and in the future in connection with obtaining comprehensive general release agreements;

(e) Awarding permanent injunctive relief requiring the Defendant Progressive to notify any person who signed a comprehensive general release that such release is of no legal force and effect;

(f) Awarding permanent injunctive relief requiring the Defendant Progressive to engage in targeted training of its claims personal to insure that proper written guidance is given to Progressive insureds before signing any documents that contain a release of claims;

(g) Awarding permanent injunctive relief requiring the Defendant Progressive to communicate with its policy holders in their native and plain understandable language when any request for a comprehensive general release is communicated ;

(h) awarding declarative and injunctive relief to Plaintiff and the class members, declaring that the practices of the insurance company Defendants amount to an unconscionable business practice in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. and awarding compensatory and injunctive relief as a result;

(i) awarding Plaintiff and the class members attorneys' fees and reasonable litigation costs and expenses, and

(j) such other relief as this Court may deem just and proper.

BRACH EICHLER, L.L.C.

BY: ______________________________
CHARLES X. GORMALLY, ESQUIRE

______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorneys for Plaintiff

Dated: January 9, 2017

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury as to all issues.

BRACH EICHLER, L.L.C.

BY: ____________________
CHARLES X. GORMALLY, ESQUIRE

____________________
EDWARD P. CAPOZZI, ESQUIRE
Attorneys for Plaintiff

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to *R.* 4:25-4, Charles X. Gormally and Edward P. Capozzi, Esquire, are hereby designated as trial counsel on behalf of plaintiff.

BRACH EICHLER, L.L.C.

BY: ____________________
CHARLES X. GORMALLY, ESQUIRE

____________________
EDWARD P. CAPOZZI, ESQUIRE
Attorneys for Plaintiff

Dated: January 9, 2017

**CERTIFICATION PURSUANT TO R. 4:5-1**

I, Edward P. Capozzi, Esquire, hereby certify that the facts contained in the within matter are not subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief. If any of the statements made by me are willfully false, I am subject to punishment.

BRACH EICHLER, L.L.C.

BY: ______________________
CHARLES X. GORMALLY, ESQUIRE

BY: ______________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: January 9, 2017

(CAS) #4 1359415
Cheryl Campis

BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, New Jersey 070680
Attorney for Plaintiff
(973) 228-5700

| | |
|---|---|
| Ana Lidia Alpizar-Fallas,<br><br>Plaintiff,<br><br>vs.<br><br>Frank E. Favero, John Doe 1-5, John Doe Incorporated 1-5 (fictitious designations), Brian Barbosa and Progressive Insurance Company,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br><br>DOCKET NO. SOM-L-1588-16<br><br>**Civil Action**<br><br>**SUMMONS** |

From The State of New Jersey, To The Defendant(s) Named Above:

Bryan Barbosa

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith /S/
Michelle M. Smith, Clerk
Superior Court of New Jersey

JAN 24

Dated: January 17, 2017

Name of Defendant to be Served: Bryan Barbosa
Address of the Defendant: 485 A Route 1 South, Suite 410, Iselin, NJ 08830
*** $105.00 For Chancery Division Cases or $135.00 for Law Division Cases**

2016 DEC 13 PM 1:41

W

**Edward P. Capozzi, ESQ. -042602004**
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiff

009
008800
$250

| | |
|---|---|
| ANA LIDIA ALPIZAR-FALLAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>FRANK E. FAVERO; JOHN DOE 1-5; JOHN DOE INCORPORATED 1-5; (fictitious designations),<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>DIVISION: SOMERSET COUNTY<br><br>DOCKET NO.: SOM-L-1588-16<br><br>Civil Action<br><br>**COMPLAINT, CERT. PURSUANT TO R. 4:5-1; DEMAND FOR JURY TRIAL; DESIGN. OF TRIAL COUNSEL; STATEMENT OF DAMAGES PURSUANT TO R. 4:5-2** |

Plaintiff, Ana Lidia Alpizar-Fallas, by and through her counsel, Brach Eichler LLC, for her Complaint against the Defendants, state as follows

## PARTIES

1. At all times material hereto, Plaintiff, Ana Lidia Alpizar-Fallas, was a resident of the State of New Jersey, residing at 120 N. 4th Avenue, Apt. 11, Manville, County of Somerset, New Jersey 08835.

2. At all times material hereto, Defendant, Frank E. Favero, was a resident of the State of New Jersey residing at 108 S. 19th Avenue, Manville, County of Somerset, New Jersey 08835.

3. At all times material hereto, Defendants, John Doe 1-5; were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said Defendants being presently unknown. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs. The Plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the Defendants represented herein as John Doe 1-5.

4. At all times material hereto, Defendants, John Doe Incorporated 1-5; were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs. The Plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as John Doe Incorporated 1-5.

5. All Defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff herein incorporates paragraphs 1 through 5 as though the same were set forth herein at length.

7. On or about December 14, 2014, Plaintiff, Ana Lidia Alpizar-Fallas, was a passenger in a vehicle, that was traveling northbound on Route 206 at or near its intersection with Camplain Road, Hillsborough Township, County of Somerset and State of New Jersey.

8. At the above time and place, Defendant, Frank E. Favero was the owner and operator of a vehicle, that was traveling northbound on Route 206 at or near its intersection with Camplain Road, Hillsborough Township, County of Somerset and State of New Jersey.

**COUNT I- NEGLIGENCE**

9. Plaintiff herein incorporates paragraphs 1 through 8 as though the same were set forth herein at length.

10. At the above time and place, Defendant, Frank Favero, and/or John Does 1-5 (fictitiously named) and/or John Doe Incorporated 1-5 (fictitiously named), so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause a collision with Plaintiff's vehicle.

11. At the above time and place Defendants, John Does 1-5 (fictitiously named) and John Doe Incorporated 1-5 (fictitiously named), their agents or assigns so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause the within collision.

12. As a result of the individual, joint and/or several tortuous conduct of the various Defendants as set forth above, Plaintiff, Ana Lidia Alpizar-Fallas , was caused to be violently twisted, jolted, strained and lurched about thereby sustaining serious injuries and damages.

13. As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past and will in the future be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for care and treatment of the injuries she has suffered, all to her great detriment and loss.

14. As a further result of this incident and by reason of the injuries sustained, Plaintiff has sustained an impairment of her earning capacity and power, all to her great detriment and loss.

15. As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past incurred and will in the future continue to incur other financial losses or expenses.

16. As a further result of this accident and by reasons of the injuries sustained, Plaintiff has in the past suffered and will in the future continue to suffer great pain, suffering, agony, mental anguish, embarrassment and humiliation, all to her great detriment and loss.

17. As a further result of this incident and by reasons of the injuries sustained, plaintiff has in the past and will in the future be hindered from attending to her daily duties, functions and occupation, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, by and through her counsel demand compensatory damages, as well as interests, costs, disbursements, attorneys fees, and other relief as this Honorable Court may deem just and proper.

BRACH EICHLER, L.L.C.

BY: ______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: December 13, 2016

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury as to all issues.

BRACH EICHLER, L.L.C.

BY: ______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: December 13, 2016

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to *R*. 4:25-4, Edward P. Capozzi, Esquire, is hereby designated as trial counsel on behalf of plaintiff.

BRACH EICHLER, L.L.C.

BY: ______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: December 13, 2016

**CERTIFICATION PURSUANT TO R. 4:5-1**

I, Edward P. Capozzi, Esquire, hereby certify that the facts contained in the within matter are not subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief. If any of the statements made by me are willfully false, I am subject to punishment.

BRACH EICHLER, L.L.C.

BY: ______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: December 13, 2016

**STATEMENT OF DAMAGES CLAIMED PURSUANT TO R. 4:5-2**

Plaintiffs requests damages in the amount of $3,000,000.00 Three Million Dollars with regard to the above-captioned case.

BRACH EICHLER, L.L.C.

BY: ______________________________
EDWARD P. CAPOZZI, ESQUIRE
Attorney for Plaintiff

Dated: December 13, 2016