**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | | |
|---|---|---|
| ANA LIDIA ALPIZAR-FALLAS, Individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Civil Action No.: 3:17-cv-02768-MAS-LHG |
| vs. | ) | |
| FRANK E. FAVERO; JOHN DOE 1-5; JOHN DOE INCORPORATED 1-5: (fictitious designations), BRIAN BARBOSA, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY, | ) | **CLASS ACTION**<br>**Motion Day: June 5, 2017**<br>**Oral Argument Requested** |
| Defendants. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PROGRESSIVE GARDEN STATE INSURANCE COMPANY'S AND BRIAN BARBOSA'S MOTION TO DISMISS THE COMPLAINT**

May 30, 2017

**EVERSHEDS SUTHERLAND (US) LLP**

Francis X. Nolan, IV
Kymberly Kochis (admitted *pro hac vice*)
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Facsimile: (212) 386-5099
FrankNolan@eversheds-sutherland.com
KymberlyKochis@eversheds-sutherland.com

**Attorney for Defendants PROGRESSIVE GARDEN STATE INSURANCE COMPANY and BRIAN BARBOSA**

**TABLE OF CONTENTS**


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

I. PLAINTIFF CANNOT ADD NEW ALLEGATIONS. ........ 3

II. PLAINTIFF'S CFA CLAIM IS PRECLUDED. ........ 5

III. PLAINTIFF FAILS TO PLEAD A CLAIM FOR RELIEF. ........ 8

A. Plaintiff does not allege unlawful conduct. ........ 8

B. No ascertainable loss. ........ 9

CONCLUSION ........ 11

CERTIFICATE OF SERVICE ........ 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*CNA v. United States*, 535 F.3d 132 (3d Cir. 2008) ....................5

*Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505 (D.N.J. 2008) ....................8

*Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304 (D.N.J. 2014) ....................10

*Franulovic v. Coca-Cola Co.*, Nos. 07-539, 07-828, 2007 WL 3166953 (D.N.J. Oct. 25, 2007) ....................10

*Granelli v. Chi. Title Ins. Co.*, 569 F. App'x 125 (3d Cir. 2014) ....................7

*Myska v. N.J. Mfrs. Ins. Co.*, 114 A.3d 761 (N.J. Super. Ct. App. Div. 2015) .....6, 7

*Nationwide Mut. Ins. Co. v. Caris*, 170 F. Supp. 3d 740 (D.N.J. 2016) ....................7

*Parker v. Howmedica Osteonics Corp.*, Civil Action No. 07-02400 (JLL), 2008 WL 141628 (D.N.J. Jan. 14, 2008) ....................10

*Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) .................... 8, 9, 11

*State Capital Title & Abstract Co. v. Pappas Bus. Srvs., LLC*, 646 F. Supp. 2d 668 (D.N.J. 2009) ....................4

*Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998) ....................7

*Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254 (2007) ....................7

**Statutes**

N.J. Admin. Code § 11:2-17 ....................2

N.J. Stat. Ann. § 17:29B-4 ....................5, 6

N.J. Stat. Ann. § 56:8-2 ....................9

**Rules**

Federal Rules of Civil Procedure 12(b)(6) ....................4, 11

Defendants Progressive Garden State Insurance Company ("Progressive") and Brian Barbosa ("Barbosa") (collectively, "Defendants") submit this Reply in support of their Motion to Dismiss.

**INTRODUCTION**

Plaintiff's Opposition to Defendants' Motion to Dismiss misstates and misconstrues the nature of the allegations in her Second Amended Complaint ("Complaint"). The cases she cites are irrelevant to allegations in the Complaint and her arguments have no bearing on the claims as alleged. Even if Plaintiff wanted to change her allegations, the exhibits to Defendants' Motion contradict her new theory.

Plaintiff's original theory—as set forth in her Complaint, where it matters for purposes of this Motion—is that Progressive, through Barbosa, induced her to sign a release that precluded her from future, additional recovery against co-Defendant Frank Favero ("Favero").[1] While Plaintiff alleges she was insured by Progressive at the time of the accident, her allegations of liability have nothing to do with that fact. Plaintiff's liability allegations focus on how Progressive, *while acting as Favero's insurer*, engaged in improper claims handling practices, in violation of New Jersey's Unfair Claims Settlement Practices Act ("Claims

[1] Presumably, that recovery would arise from the proceeds of a personal injury lawsuit against Favero, arising from her motor vehicle accident with him, but the allegations are vague at best.

Settlement Act"). Indeed, Paragraph 46 of the Complaint states that "[t]he unconscionable business practices of Progressive amount to a violation of the Unfair Claims Settlement Practices regulations contained at N.J.A.C. 11:2-17." Compl. ¶ 46.

The fictional complaint described in Plaintiff's Opposition is nothing like the filed version. In responding to Defendants' Motion to Dismiss, Plaintiff attempts, in two ways, to distance herself from the allegations in her own pleading. First, Plaintiff adds a new theory of liability that appears nowhere in her Complaint. Specifically, Plaintiff now argues that due to the actions of Defendants, she was denied the benefits of coverage under her policy with Progressive. Second, Plaintiff omits any mention of the Claims Settlement Act on which her Consumer Fraud Act ("CFA") claim is based.

Plaintiff's attempt to re-plead her Complaint through her Opposition is improper and should be disregarded. Plaintiff's strategy, while misguided, is understandable: based on the allegations in the Complaint, Plaintiff's CFA claim is precluded by the Claims Settlement Act, for which no private right of action exists. For this reason, and those explained in Defendants' Motion and below, Plaintiff's claim against Defendants Progressive and Barbosa should be dismissed, with prejudice, because any amendment would be futile.

## I. PLAINTIFF CANNOT ADD NEW ALLEGATIONS.

Plaintiff's Complaint alleges that, in exchange for payment from Progressive, she waived any future claims against Favero for injuries arising from a motor vehicle accident that took place in December 2014. *See, e.g.*, Compl. ¶¶ 9, 41, ECF No. 1-3. At the time, Progressive was Favero's insurer. *Id.* ¶ 12. In exchange for the release of future claims against Favero, Progressive issued a settlement check to Plaintiff that stated "Full and Final Body Injury Settlement." *Id.* ¶ 36; *see also* Exhibits A-C attached to Defs' Mot. to Dismiss (Apr. 28, 2017) ("Defs.' Motion"), ECF Nos. 4-2 – 4-4.

Importantly, Plaintiff does not allege that in exchange for payment from Progressive for "Full and Final Body Injury Settlement" she waived recovery from Progressive as her insurer. Plaintiff does not allege that the release pertains to Progressive as her insurer because it does not. The settlement documents, which were annexed to Defendants' Motion to Dismiss, confirm that the release was for future claims against Favero (but not Progressive) for future injury claims.

In her Opposition, Plaintiff repeatedly contradicts the allegations in the Complaint and the documents annexed to the Motion to Dismiss. For example, Plaintiff incorrectly argues that:

(1) the release documents included "a comprehensive general release of all claims against all parties – including Progressive" (Pl.'s Opp'n at 4 (May 22, 2017), ECF No. 9);

(2) she has "also been deprived of her right to seek additional benefits under her own Progressive insurance policy" (*id.* at 4-5);

(3) "Plaintiff alleges a pattern of deceptive conduct by Defendants in performing their obligations under the insurance policy" (*id.* at 9);

(4) "Defendants fraudulently induced [Plaintiff] into signing 'paperwork' that included comprehensive general release of all claims against all parties" (*id.*);

(5) Progressive has engaged in "a fraudulent practice by Defendants aimed at depriving policyholders the full extent of their insurance benefits" (*id.* at 10);

(6) "Plaintiff alleges Defendants engaged in a fraudulent scheme to deprive her of the full extent of her insurance benefits by . . . including a comprehensive general release of all claims against all parties, including Progressive" (*id.* at 12);

(7) Plaintiff "was deprived the full extent of the insurance benefits available to her" (*id.* at 13);

(8) Plaintiff was deprived of "benefits . . . under her insurance policy with Progressive" (*id.*); and

(9) "Plaintiff has alleged Progressive failed to provide her 'what was promised' – *i.e.* the benefit of her bargain under her insurance policy" (*id.*).

These allegations do not appear anywhere in the Complaint and should therefore be disregarded by the Court. *State Capital Title & Abstract Co. v. Pappas Bus. Srvs., LLC*, 646 F. Supp. 2d 668, 676-77 (D.N.J. 2009) ("on a 12(b)(6) motion, the Court may only consider the allegations as set forth in the plaintiff's complaint,

and a plaintiff is precluded from asserting new allegations in its opposition papers") (citing *CNA v. United States*, 535 F.3d 132, 138 n.3 (3d Cir. 2008)).

Plaintiff's Complaint is based on the theory that she waived her right to future, additional recovery from Favero for injuries allegedly arising from her accident with Favero. *See, e.g.*, Compl. ¶ 41 ("Plaintiff did not understand that by signing the document presented to her by Defendant Barbosa, that she was waiving her right to sue the Defendant, Frank E. Favero—also a person insured by Progressive—for injuries sustained in the accident."). That waiver took place during the settlement phase of her claim against Favero, and is therefore covered under the Claims Settlement Act, as Plaintiff herself alleges in her Complaint. Compl. ¶ 46; *see also* N.J. Stat. Ann. § 17:29B-4(9)(a)-(o). Plaintiff's attempt to add allegations to her Complaint through her Opposition is improper, and should be disregarded by the Court. Even if she could add allegations, her claim would still be precluded because the exhibits annexed to Defendants' Motion directly contradict the argument set forth in Plaintiff's Opposition.

## II. PLAINTIFF'S CFA CLAIM IS PRECLUDED.

As explained in Defendants' underlying Motion, and as alleged in Plaintiff's Complaint, the conduct of which Plaintiff complains falls squarely under the Claims Settlement Act. Compl. ¶ 46; *see also* Defs.' Motion at 4-7 (Apr. 28, 2017), ECF No. 4-1. That conduct relates to how Defendants handled the third

party claim for Progressive's insured Favero, and is thus covered under the "Unfair claims settlement practices" subsection of the Claims Settlement Act. N.J. Stat. Ann. § 17:29B-4(9)(a)-(o). Claims practices are governed by the Claims Settlement Act regulations, which in turn were promulgated to enforce the Insurance Trade Practices Act. Plaintiff cannot pursue a claim under the CFA based on allegations that are within the purview of the Claims Settlement Act. *See Myska v. N.J. Mfrs. Ins. Co.*, 114 A.3d 761, 777 (N.J. Super. Ct. App. Div. 2015) (holding that CFA claims are not appropriate where the complained of conduct falls within an existing regulatory scheme).

Plaintiff argues in her Opposition that "the CFA does not apply to schemes to defraud policyholders of their benefits." Pl.'s Opp'n at 6. This argument is irrelevant, however, because Plaintiff does not allege that Defendants defrauded her, as a policyholder, of her benefits. Plaintiff alleges that Progressive issued a check to her for payment of a personal injury claim in exchange for her release of future claims against Favero. Compl. ¶ 36. The exhibits annexed to Defendants' Motion confirm those allegations, and contradict Plaintiff's argument in her Opposition. Defs.' Motion, Exhibits A-C. The fact that Plaintiff was Progressive's insured at the time has no bearing on the allegations in the Complaint, or on her CFA claim. This is a dispute regarding claims handling, and

is thus covered by the Claims Settlement Act, which provides no private right of action.

Even if Plaintiff had alleged that Defendants' actions resulted in a denial of payment under her own policy, an allegation that would be at odds with the documentation before the Court, the Third Circuit has noted that "New Jersey courts … have consistently held that the payment of insurance benefits is not subject to the Consumer Fraud Act." *Granelli v. Chi. Title Ins. Co.*, 569 F. App'x 125, 133 (3d Cir. 2014) (quoting *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 168 (3d Cir. 1998)). *Granelli* was decided several years after *Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254 (2007), on which Plaintiff slavishly relies in her Opposition. *See, e.g.*, Pl.'s Opp'n at 6-10. Moreover, state and federal courts have recognized that in *Weiss*, "the Circuit was dealing with the discontinuation of previously authorized benefits in the middle of a [first-party] claim," which is not before the Court here. *Nationwide Mut. Ins. Co. v. Caris*, 170 F. Supp. 3d 740, 746-47 (D.N.J. 2016); *see also Myska*, 114 A.3d at 777. Furthermore, Plaintiff argues that *Weiss* is controlling law. This is a confusing contention in light of the inapplicability of *Weiss* and its progeny to Plaintiff's allegations, and the *Granelli* decision, which Plaintiff fails to point out to the Court.

Plaintiff offers no case law support for the proposition that the CFA could apply to the allegations in her Complaint because she cannot. Her CFA claim for

improper claims handling should be dismissed because there is no private right action against Progressive and Barbosa. Dismissal should be with prejudice because, as evidenced by the documents annexed to Defendants' Motion, this dispute is about how Progressive handled her claim, and is therefore covered by the Claims Settlement Act. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (internal quotations omitted).

## III. PLAINTIFF FAILS TO PLEAD A CLAIM FOR RELIEF.

Plaintiff's Opposition altogether ignores that her CFA claim is subject to FRCP 9(b), which requires that all elements be pled with particularity. *See Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 524 (D.N.J. 2008); *see also* Defs.' Motion at 8. As explained in Defendants' underlying Motion and below, Plaintiff does not allege any of the elements of a CFA claim, let alone allege them with the requisite particularity.[2]

### A. Plaintiff does not allege unlawful conduct.

To plead a CFA claim, Plaintiff needed to allege that Defendants engaged in an "unconscionable commercial practice, deception, [or] fraud . . . in connection with the sale or advertisement of any merchandise" or any subsequent performance

---

[2] Contrary to Plaintiff's argument, Defendants do explain that causation is not alleged in the Complaint. *See* Defs.' Motion at 8 ("Because Plaintiff does not allege the first two elements, she also fails to allege the third element of causation.").

pursuant to that sale. N.J. Stat. Ann. § 56:8-2; *see* Defs.' Motion at 9-10. Plaintiff's allegations do not relate to the sale or advertisement, or performance pursuant to that sale or advertisement, of any product. Instead, they relate to how Defendants managed a claim relating to an accident in which Plaintiff was involved with a third party who was insured by Progressive. *See, e.g.*, Compl. ¶¶ 36, 41, 46. The allegations have nothing to do with Plaintiff's policy with Progressive, a fact that Plaintiff altogether ignores in her Opposition. *See* Pl.'s Opp'n at 12.

Plaintiff's CFA claim should therefore be dismissed with prejudice. Any amendment would be futile, because the exhibits attached to Defendants' Motion confirm that this dispute is about the release of Plaintiff's potential future claims against Favero, not her policy with Progressive, and is therefore not covered by the language of the CFA. *Shane*, 213 F.3d at 115.

**B. No ascertainable loss.**

Plaintiff argues that she alleged an ascertainable loss because she received less than what was promised to her when she purchased her policy. Pl.'s Opp'n at 12-14. Once again, Plaintiff misstates her own Complaint. Nothing was promised to her by Defendants when she purchased her policy about this claim because her claim relates to Favero's policy, not hers: Progressive issued a check to Plaintiff in

connection with her release of future claims against Favero. Compl. ¶ 44; Defs.' Motion, Exhibits A-C.

This sort of future, speculative injury, however, is not enough to satisfy the requirement of ascertainable loss, especially under FRCP 9(b). *See Parker v. Howmedica Osteonics Corp.*, Civil Action No. 07-02400 (JLL), 2008 WL 141628, at *5 (D.N.J. Jan. 14, 2008) ("Plaintiffs assertion that they *may* sustain costs associated with medical care and services *in the future* is similarly deficient. Such costs are too speculative to sufficiently allege a calculable, quantifiable loss."); *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 335 (D.N.J. 2014) ("A cognizable injury, however, must consist of more than just any unmet expectation.").

Plaintiff makes no attempt to plead a loss with specificity. She does not allege what damages she has incurred, such as medical bills, and offers only general allegations relating to future ability to recover against Favero. For this additional reason, Plaintiff's CFA claim fails as a matter of law.[3] Plaintiff's claim should be dismissed with prejudice on this basis, too, because any allegations of

---

[3] "Plaintiffs offer no facts to evidence that they actually have undergone any medical tests or treatments . . . or to provide the Court with a measurable specificity of the costs of these tests and treatments. When a plaintiff 'fails to give particulars' regarding their ascertainable loss, and when they offer 'broad and conclusory allegations,' the ascertainable loss requirement has not been met." *Parker*, 2008 WL 141628, at *4 (quoting *Franulovic v. Coca-Cola Co.*, Nos. 07-539, 07-828, 2007 WL 3166953, at *7-8, *11 (D.N.J. Oct. 25, 2007)).

ascertainable loss only pertain to future recovery against Favero, and are thus too speculative to support a claim. *Shane*, 213 F.3d at 115.

**CONCLUSION**

For the reasons set forth above and in Defendants' underlying Motion, Plaintiff's claim against Progressive and Barbosa should be dismissed with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6).

Dated: May 30, 2017

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

By: /s/ Francis X. Nolan, IV
Francis X. Nolan, IV
Kymberly Kochis (admitted *pro hac vice*)
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Facsimile: (212) 386-5099
FrankNolan@eversheds-sutherland.com
KymberlyKochis@eversheds-sutherland.com

**Attorneys for Defendants**
**PROGRESSIVE GARDEN STATE INSURANCE COMPANY and BRIAN BARBOSA**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on this 30th day of May, 2017.

I further certify that I served *via* U.S. Mail, postage pre-paid, a true and correct copy of the foregoing document on the following non-CM/ECF participants, on this 30th day of May, 2017:

Matthew Mitchell, Esq.
Francis J. Leddy, III, Esq.
CIPRIANI & WERNER PC
155 Gaither Drive, Suite B
Mt. Laurel, NJ 08054
*Attorneys for Defendant Frank E. Favero*

/s/ Francis X. Nolan, IV