IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| ANA LIDIA ALPIZAR-FALLAS individually And on behalf of all other similarly situated,<br><br>Plaintiff,<br>v.<br><br>FRANK E. FAVERO; JOHN DOE 1-5; JOHN DOE incorporated 1-5 (fictitious designations) BRIAN BARBOSA and PROGRESSIVE GARDEN STATE INSURANCE COMPANY<br><br>Defendants. | Civil Action No.:<br>3:17-cv-02768-MAS-LHG<br><br>**CLASS ACTION**<br><br>**Motion Day: August 21, 2017**<br>**Oral Argument Requested** |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT FRANK E.FAVERO'S MOTION TO DISMISS THE COMPLAINT

Dated: August 14, 2017

By:  **CIPRIANI & WERNER, P.C.**
/s/ Francis J. Leddy, III, Esq.
Francis J. Leddy, III, Esquire
(Attorney ID# 011952006)
Matthew K. Mitchell, Esquire
(Attorney ID# 014281993)
155 Gaither Drive
Suite B
Mt. Laurel, NJ 08054
(856) 761-3800 (phone)
**Attorneys for Defendant,**
**FRANK E. FAVERO**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................ii

TABLE OF AUTHORITIES............................................................................iii

LEGAL ARGUMENT

    I.    Preliminary Statement..........................................................................1

    II.    It Is Undisputed That Plaintiff Was Paid And Accepted Payment And Released Mr. Favero..............................................................................2

    III.    The Court May Consider The Release, Disclosure Statement, and Settlement Check On This Motion To Dismiss....................................3

    IV.    Mr. Favero's Motion to Dismiss Does Not Constitute a Waiver of the Right to Dispute the Adequacy of Damages Pled....................................4

    V.    Conclusion..............................................................................................6

CERTIFICATE OF SERVICE..........................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                             **Pages**

Clark Capital Mgmt. Grp., Inc. v. Navigator Money Mgmt., Inc.,
Civil Action No. 2:11-CV-3415, 2012 WL 12895736 (E.D. Pa. Feb. 7, 2012)......................4

Collier v. CSX Transp. Inc., No. 16-1999, 2016 WL 7338432 (3d Cir. Dec. 16, 2016)...........3-4

Grupp v. Bank of N.Y. Mellon Bank Corp., No. 2:14CV240,
2014 WL 6885927 (W.D. Pa. Dec. 4, 2014).......................................................................4

Intervet, Inc. v. Mileutis, Ltd., 2016 U.S. Dist. LEXIS 22165, *1, 2016 WL 740267
(D.N.J. Feb. 24, 2016)......................................................................................................5

Kaplan v. Kirk, Civil Action No. 12-1097, 2013 WL 4010861 (W.D. Pa. Aug. 6, 2013) ..........4

Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)...3

Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)................................................................3

**Rules**

Federal Rule of Civil Procedure 12(b)(6).........................................................................1,6

Federal Rule of Civil Procedure 9(g)...............................................................................5

I.     **Preliminary Statement**

Defendant Frank E. Favero's motion to dismiss must be granted pursuant to Rule 12(b)(6) as the undisputed facts presented even through Plaintiff's own opposition conclusively establish that the bodily injury claim against Mr. Favero was released, that Plaintiff was paid for this claim, accepted payment, and did release the claim.  As a result, what we are left with is a case in which Plaintiff has a single theory of liability against Mr. Favero, one which has already been released in exchange for payment of a settlement.

Even when accepting all of the allegations within Plaintiff's Second Amended Complaint as true and drawing all reasonable inferences in the light most favorable to Plaintiff, the Second Amended Complaint must be dismissed as both it and her opposition fail to establish any other theory of liability against Mr. Favero that may be gleaned from the Complaint beyond the negligence claim that was previously released.

The issues Plaintiff raises with respect to the facts surrounding procurement of her release of Mr. Favero have nothing whatsoever to do with Mr. Favero, himself. Plaintiff conflates the negligence claim she has made against Mr. Favero with the fraud claims alleged against Progressive and Mr. Barbosa.  Plaintiff goes so far as to refer to the three (3) of these parties collectively as "Defendants" in her opposition.  But, these three (3) defendants are not similarly situated, and the crux of Plaintiff's Second Amended Complaint is based on alleged fraudulent conduct that Plaintiff claims warrants class certification and does not implicate Mr. Favero at all.  As such, Plaintiff's factual allegations and all of the arguments in support of these fraud claims are of no relevance to disposition of this motion on behalf of Mr. Favero.

Mr. Favero's involvement in this case is more appropriately as a witness; not a party. There is no reason to have Mr. Favero as a named defendant in this case as any bodily injury damages Plaintiffs claims she was deprived of by releasing Mr. Favero form the basis of her

1

fraud claims. The bodily injury damages alleged against Mr. Favero are duplicative and unnecessarily redundant of the relief sought by Plaintiff elsewhere in the Second Amended Complaint. As such, his motion to dismiss must be granted.

**II.    It Is Undisputed That Plaintiff Was Paid And Accepted Payment And Released Mr. Favero.**

The only issue that needs to be decided by the Court on this motion is set forth in the heading above. Plaintiff's opposition attempts to overcomplicate this narrow issue by continually conflating the different claims she has against the different defendants. The Court must disregard this attempt and instead focus on the sole claim of negligence against Mr. Favero to determine whether that claim was released. If it was, then Plaintiff cannot sue Mr. Favero. The analysis required by the Court to decide this motion stops there. The Court need not decide at this stage whether Plaintiff "knowingly" and "voluntarily" released her claims, or whether the settlement was obtained through coercion, deception, fraud, undue pressure, duress, or unseemly conduct in order to grant Mr. Favero's motion. These determinations have nothing to do with respect to the viability of the negligence claim against Mr. Favero. The only issue the Court must determine in order to grant this motion, and which is undisputed based on Plaintiff's opposition, is whether Plaintiff was paid and accepted a settlement payment in exchange for a release of Mr. Favero.

She did.

A careful review of Plaintiff's opposition shows that there is not a single, unequivocal, sworn statement made by Plaintiff by way of Certification or Affidavit to contradict the facts critical to disposition of Mr. Favero's motion; namely the following: 1) that she signed the Release along with a Disclosure Statement on or about December 15, 2014; 2) that Mr. Favero's insurance company, Progressive, issued a settlement check, which stated on its face in

conspicuous capital letters, "FULL AND FINAL BODILY INJURY SETTLEMENT"; and that Plaintiff received and has kept payment for the negligence claim she now wishes to pursue against Mr. Favero. All of these undisputed facts when taken together implicate release, as well as accord and satisfaction. As such, Mr. Favero must be dismissed.

Plaintiff tries to distract the Court by relying on the alleged fraudulent conduct of other parties to illustrate why she could not be responsible for releasing her bodily injury claim against Mr. Favero. But, the facts she relies upon to make this argument in no way implicate Mr. Favero. The alleged fraudulent conduct of other defendants cannot be imputed upon Mr. Favero. So, even if Plaintiff is somehow able to prove her allegations of fraud against others, she will never prove them against him. Presumably, this is why Plaintiff has not alleged fraud on the part of Mr. Favero. As such, Mr. Favero should now be dismissed.

### III.   The Court May Consider The Release, Disclosure Statement, and Settlement Check On This Motion To Dismiss.

Despite the Plaintiff's suggestion to the contrary, the Court may properly consider the Release, Disclosure Statement, and settlement check without converting Mr. Favero's motion to dismiss into a motion for summary judgment because the claims made in the Second Amended Complaint are subject of and integral to the Release and its supporting documentation. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) ("[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal citations and quotations omitted); Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); see also Collier v. CSX Transp. Inc., No. 16-1999, 2016 WL 7338432, at *5 (3d

3

Cir. Dec. 16, 2016) (affirming motion to dismiss that considered settlement agreement attached to insurer's motion to dismiss claim brought by insured); see also Grupp v. Bank of N.Y. Mellon Bank Corp., No. 2:14CV240, 2014 WL 6885927, at *4 (W.D. Pa. Dec. 4, 2014) (properly considering settlement agreement and release on defendant's motion to dismiss); Kaplan v. Kirk, Civil Action No. 12-1097, 2013 WL 4010861, at *1, n.1 (W.D. Pa. Aug. 6, 2013) ("The court may properly consider the settlement agreement as part of the motion to dismiss because it is an undisputedly authentic document that is *integral to or explicitly relied* upon in the complaint.) (emphasis in original) (internal quotations omitted); Clark Capital Mgmt. Grp., Inc. v. Navigator Money Mgmt., Inc., Civil Action No. 2:11-CV-3415, 2012 WL 12895736, at *2 (E.D. Pa. Feb. 7, 2012) (considering settlement and release between insured and insurer on motion to dismiss because the agreement is "central to the claim, given [it is] material to whether or Plaintiff can legally maintain a claim against the defendant").

Here, the Release and other settlement documents are central to whether Plaintiff may advance the negligence claim in the Second Amended Complaint against Mr. Favero. Thus, these documents are material to whether the claim against Mr. Favero is legally cognizable. As such, the Court should consider these documents, which form a total defense to liability on the part of Mr. Favero, without converting the motion into one for summary judgment.

### IV. Mr. Favero's Motion to Dismiss Does Not Constitute a Waiver of the Right to Dispute the Adequacy of Damages Pled.

Plaintiff incorrectly suggests in her opposition that the adequacy of the special damages pled in the Second Amended Complaint must be presumed because Mr. Favero was able to respond in filing the current motion. But, the Second Amended Complaint cannot be found to have sufficiently pled special damages simply because Mr. Favero filed a motion arguing to the contrary. Were the Court to accept Plaintiff's argument any motion to dismiss would be a tacit

waiver of the right to challenge the sufficiency of the pleading despite the fact that the motion is the very challenge itself. This is completely illogical and must be disregarded.

Furthermore, a careful review of the Second Amended Complaint illustrates that it falls within the pitfalls outlined in Plaintiff's own opposition. Plaintiff concedes that Rule 9(g) requires the kind of special damages to be specified. Intervet, Inc. v. Mileutis, Ltd., 2016 U.S. Dist. LEXIS 22165, *1, 2016 WL 740267 (D.N.J. Feb. 24, 2016). Yet, in Count I of the Complaint, Plaintiff merely alleges that she sustained, "serious injuries and damages," which will require her, "…to incur various expenses for care and treatment of the injuries she has suffered," and will result in, "…an impairment of her earning capacity and power," and, "…other financial losses or expenses," in the future. Compl. ¶¶16-19.

In no way, are these allegations adequate to advise Mr. Favero with particularity what claims he is defending. What are "other financial losses or expenses?" What are "expenses for care and treatment?" Mr. Favero should not be forced to hypothesize or guess what is meant by these allegations. Rather, the particular kind of losses, expenses, care, and treatment are required to be pled in order to satisfy Rule 9(g). Nothing in any of the cases relied upon by Plaintiff in her opposition change this. As such, Mr. Favero's motion should be granted and the Second Amended Complaint dismissed.

## IV. Conclusion.

Based on the foregoing, Mr. Favero respectfully request that the Court dismiss, with prejudice, Count I of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: August 14, 2017

                                        Respectfully Submitted,

                                        **CIPRIANI & WERNER, P.C.**

By:    <u>/s/ Francis J. Leddy, III, Esquire</u>
        Francis J. Leddy, III, Esquire
        (Attorney ID# 011952006)
        Matthew K. Mitchell, Esquire
        (Attorney ID# 014281993)
        155 Gaither Drive
        Suite B
        Mt. Laurel, NJ 08054
        (856) 761-3800 (phone)
        **Attorneys for Defendant,**
        **FRANK E. FAVERO**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record, on this 14th day of August, 2017.

/s/ Francis J. Leddy, III, Esq.