UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

August 31, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re: *Ana Lidia Alpizar-Fallas v. Frank E. Favero, et al.*
Civil Action No. 17-2768 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court on Defendants Brian Barbosa ("Barbosa") and Progressive Garden State Insurance Company's ("Progressive") (collectively, "Moving Defendants") Motion to Dismiss Count Two of Plaintiff Ana Lidia Alpizar-Fallas's Complaint. (ECF No. 4.) Plaintiff filed opposition (ECF No. 9), and Moving Defendants replied (ECF No. 10). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Moving Defendants' Motion to Dismiss is GRANTED.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of [her] 'entitle[ment] to relief[,]' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2).

Plaintiff's action arises from a motor vehicle accident with Defendant Frank E. Favero ("Favero")[1] and Progressive's alleged conduct with respect to the accident. (*See generally* Compl., ECF No. 1-3.) Count One is a negligence claim against Favero and Count Two is brought under the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, *et seq.* (Compl.) With respect to Count Two, Plaintiff alleges that, after suffering injuries in a motor vehicle accident with Favero,

---

[1] Favero filed a separate motion to dismiss, which the Court will address in a later decision. (ECF No. 13.)

Progressive, through a Progressive employee, Barbosa, contacted Plaintiff to set up an in-person meeting. (*Id.* ¶ 27.) At the time, Favero was also insured by Progressive. (*Id.* ¶ 12.) According to Plaintiff, "Barbosa[] expressly represented to . . . Plaintiff[] and her husband, Jose Ovares, that their signatures were necessary for [Progressive] to expedite the processing of the property damage claim." (*Id.* ¶¶ 30-32.) Plaintiff further alleges that Barbosa represented "that the document[] he prepared and delivered to her needed to be signed merely to facilitate her receipt of the money for the damages to her motor vehicle." (*Id.* ¶ 34.) Plaintiff alleges that she relied on Barbosa's representations and signed the document produced by Barbosa. (*Id.* ¶ 33.) Plaintiff further alleges that Barbosa did not speak Spanish, Plaintiff's native language, and that Barbosa required Plaintiff to sign the release during the meeting without advising Plaintiff that she could consult an attorney prior to signing the release. (*Id.* ¶¶ 37-40.)

According to Plaintiff, the document she signed "was in fact a broadly written comprehensive general release of any and all claims." (*Id.* ¶ 35.) Plaintiff alleges that "[t]he release contained language that released, acquitted[,] and forever discharged all claims against [Favero] for any and all known and unknown personal injuries resulting from the motor vehicle accident." (*Id.* ¶ 36.) Plaintiff, accordingly, alleges that Moving Defendants violated the Unfair Claims Settlement Practices Act ("UCSPA") regulations codified at N.J.A.C. 11:2-17, *et seq.*, and the CFA. (*Id.* ¶¶ 45-46.) As "there is no private right of action for policyholders against their insurers based on UCSPA violations or negligence," the Court dismisses Count Two to the extent Plaintiff attempts to bring an action against Defendants based on a violation of the UCSPA. The Court, accordingly, construes Count Two as solely arising under the CFA. *Nationwide Mut. Ins. Co. v. Caris*, 170 F. Supp. 3d 740, 748 (D.N.J. Mar. 15, 2016).

Upon reviewing the Complaint, the Court finds that Plaintiff's allegations do not state a viable CFA claim. The Third Circuit has determined that "New Jersey courts . . . have consistently held that the payment of insurance benefits is not subject to the [CFA]." *Granelli v. Chi. Title Ins. Co.*, 569 F. App'x 125, 133 (3d Cir. 2014) (citation omitted). Rather, in the insurance context, New Jersey courts have applied the CFA only to the "*sale* of insurance policies as goods and services that are marketed to consumers." *Id.* (quoting *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 696 A.2d 546, 551 (N.J. 1997)). Here, Plaintiff's allegations only relate to obtaining insurance benefits that Plaintiff believes she is entitled to for her personal injuries and the misrepresentations that purportedly caused Plaintiff to release her entitlement to those benefits. Plaintiff's allegations do not concern the sale or marketing of the insurance policy itself.

In opposition, Plaintiff relies on an older decision by the Third Circuit in *Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254 (3d Cir. 2007). After the *Weiss* decision, however, the New Jersey Appellate Division issued a published opinion, stating that "while the CFA 'encompass[es] the sale of insurance policies as goods and services that are marketed to consumers,' it was not intended as a vehicle to recover damages for an insurance company's refusal to pay benefits." *Myska v. N.J. Mfrs. Ins. Co.*, 114 A.3d 761, 777 (N.J. Super. Ct. App. Div. 2015) (citation omitted). *Myska* involved allegations of an insurance company's "*systematic* practice of denying, obfuscating coverage of, or otherwise avoiding claims by New Jersey consumers," similar to Plaintiff's allegations that Progressive's practices are designed to minimize coverage. (*Id.* at 767; Compl. ¶ 51 (pleading a purported class action "[a]s a result of Defendants' systematic practice of misleading injured insureds to sign comprehensive general releases . . . in order to prevent its

2

injured insureds from pursuing a claim against drivers who were also insured by [Progressive] ...."). Notably, the Appellate Division in *Myska* did not adopt the Third Circuit's decision in *Weiss*, and instead distinguished *Weiss* as involving the "fraudulent discontinuation of previously authorized benefits." *Myska*, 114 A.3d at 777. Accordingly, the Court finds the *Myska* decision applicable to the facts alleged by Plaintiff and predicts that the New Jersey Supreme Court would find that the CFA does not extend to Plaintiff's allegations. *See Nationwide Mut. Ins. Co.*, 170 F. Supp. 3d at 747 ("[T]his Court finds *Myska* well-reasoned and persuasive: the CFA does not provide plaintiffs a remedy for Nationwide's failure to pay benefits.").

For the foregoing reasons, the Court GRANTS Moving Defendants' Motion to Dismiss without prejudice. An order consistent with this decision will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3