# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# TRENTON VICINAGE

| | |
|---|---|
| ANA LIDIA ALPIZAR-FALLAS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FRANK E. FAVERO; JOHN DOE 1-5; JOHN DOE INCORPORATED 1-5: (fictitious designations), BRIAN BARBOSA, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY, <br><br> Defendants. | Civil Action No.: 3:17-cv-02768-MAS-LHG <br><br> **CLASS ACTION** <br><br> **Motion Day: October 16, 2017** |

## DEFENDANTS PROGRESSIVE GARDEN STATE INSURANCE COMPANY'S AND BRIAN BARBOSA'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY

October 2, 2017

**EVERSHEDS SUTHERLAND (US) LLP**

Francis X. Nolan, IV
Kymberly Kochis (admitted *pro hac vice*)
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Facsimile: (212) 386-5099
FrankNolan@eversheds-sutherland.com
KymberlyKochis@eversheds-sutherland.com

**Attorneys for Defendants PROGRESSIVE GARDEN STATE INSURANCE COMPANY and BRIAN BARBOSA**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES ........................................................................... iii

CONCLUSION ................................................................................................ 3

CERTIFICATE OF SERVICE ........................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Granelli v. Chi. Title Ins. Co.*, 569 F. App'x 125 (3d Cir. 2014) .............................. 2

*Myska v. N.J. Mfrs. Ins. Co.*, 114 A.3d 761 (N.J. Super. Ct. App. Div. 2015) ......... 2

*Nationwide Mut. Ins. Co. v. Caris*, 170 F. Supp. 3d 740 (D.N.J. 2016) .................... 2

*Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254 (3d Cir. 2007) ........................... 2, 3

Defendants Progressive Garden State Insurance Company and Brian Barbosa submit this Partial Opposition to Plaintiff's Motion to Certify this Court's August 31, 2017 Order as Final, or alternatively, to Amend the Order to Permit Immediate Appeal.

Defendants do not oppose Plaintiff's Motion to the extent it seeks to certify the Court's Order of August 31, 2017 as "final" to allow Plaintiff to appeal to the Third Circuit Court of Appeals. Defendants agree that there has been a final judgment on the merits. Pl.'s Mot. to Certify (Sept. 19, 2017) ("Pl.'s Mot.") at 5, ECF No. 21-1. Indeed, although the dismissal is without prejudice, the substance of the Court's Order does not allow Plaintiff to replead her claims against Progressive or its employee.

Defendants do, however, oppose Plaintiff's request for alternative relief, namely, her request for permission to seek interlocutory review by the Third Circuit. Plaintiff's request for interlocutory review is improper and should be denied.

Plaintiff bases her alternative relief request on the misrepresentation that there is a "split of authority in this district that should be resolved by the Third Circuit." Pl.'s Mot. at 10. This statement is incorrect for at least two reasons. First, Plaintiff fails—as she failed in her Opposition to Defendants' Motion to Dismiss—to acknowledge or cite the Third Circuit's controlling decision on the issues in this case, *Granelli v. Chi. Title Ins. Co.*, 569 F. App'x 125 (3d Cir. 2014). As this Court

noted in its dismissal, the Third Circuit in *Granelli* held that "New Jersey courts … have consistently held that the payment of insurance benefits is not subject to the" New Jersey Consumer Fraud Act.  Letter Op. (Aug. 31, 2017) ("Order") at 2, ECF No. 19 (quoting *Granelli*, 569 F. App'x at 133).  This Court correctly explained that "Plaintiff's allegations only relate to obtaining insurance benefits that Plaintiff believes she is entitled to for her personal injuries and the misrepresentations that purportedly caused Plaintiff to release her entitlement to those benefits.  Plaintiff's allegations do not concern the sale or marketing of the insurance policy itself."  Order at 2.  There is thus no split in this District or in the Third Circuit on any issue relevant to this case.

Second, as she did in her Opposition to the Motion to Dismiss, Plaintiff relies upon *Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254 (3d Cir. 2007), which preceded *Granelli* by seven years and is irrelevant to Plaintiff's allegations.  As this Court recognized (Order at 2), and as other courts in this District have held, in *Weiss*, "the Circuit was dealing with the discontinuation of previously authorized benefits in the middle of [a first-party] claim."  *Nationwide Mut. Ins. Co. v. Caris*, 170 F. Supp. 3d 740, 746-47 (D.N.J. 2016); *see also Myska v. N.J. Mfrs. Ins. Co.*, 114 A.3d 761, 777 (N.J. Super. Ct. App. Div. 2015) (applying *Weiss*, and holding that "while the CFA 'encompass[es] the sale of insurance policies as goods and services that are marketed to consumers,' it was not intended as a vehicle to recover damages for an insurance

company's refusal to pay benefits") (citations omitted).  The question before the court in *Weiss* was not before the Court here, and would not be relevant to the Third Circuit's review of the dismissal of Plaintiff's Complaint.  This Court's dismissal of Plaintiff's Complaint against Defendants was based on well-settled and controlling Third Circuit and New Jersey law.  Accordingly, Plaintiff's request for alternative relief should be denied.

Furthermore, allowing an interlocutory appeal at this stage would prejudice Defendants.  If the Court's Order is finalized, the Third Circuit's affirmation of the dismissal will be final and with prejudice.  If, on the other hand, interlocutory review is granted, Defendants may be forced to brief this issue before the Third Circuit twice—now, and again if Plaintiff re-pleads and her Amended Complaint is dismissed a second time.  Allowing Plaintiff two bites at the appeal apple would cost Defendants considerable time and resources to relitigate a case that this Court already properly dismissed.

## CONCLUSION

For the reasons set forth above, Defendants oppose Plaintiff's alternative request for an interlocutory review of the Court's dismissal of her Complaint.

Dated:  October 2, 2017

       Respectfully submitted,

       **EVERSHEDS SUTHERLAND (US) LLP**

By:   /s/ Francis X. Nolan, IV
       Francis X. Nolan, IV
       Kymberly Kochis (admitted *pro hac vice*)
       1114 Avenue of the Americas
       The Grace Building, 40th Floor
       New York, NY 10036
       Telephone: (212) 389-5000
       Facsimile: (212) 386-5099
       FrankNolan@eversheds-sutherland.com
       KymberlyKochis@eversheds-sutherland.com

       **Attorneys for Defendants**
       **PROGRESSIVE GARDEN STATE**
       **INSURANCE COMPANY and BRIAN**
       **BARBOSA**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on this 2nd day of October, 2017.

/s/ Francis X. Nolan, IV