UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

**CIPRIANI & WERNER, P.C.**
**Francis J. Leddy, III, Esquire (Attorney ID# 011952006)**
**Matthew K. Mitchell, Esquire (Attorney ID# 014281993)**
485(E) Route 1 South, Suite 120
Iselin, NJ 08830
(848) 229-3300 (phone)
Attorney for Defendant, The Estate of Frank E. Favero

| | |
|---|---|
| ANA LIDIA ALPIZAR-FALLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE ESTATE OF FRANK E. FAVERO, JOHN DOE 1-5, JOHN DOE INCORPORATED 1-5 (fictitious designation), BRIAN BARBOSA and PROGRESSIVE GARDEN STATE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.: 3:17-cv-02768-MAS-LHG |

**ANSWER TO THIRD AMENDED COMPLAINT**

Defendant, The Estate of Frank E. Favero, by way of its attorneys Cipriani & Werner, P.C., answering the Plaintiff's Third Amended Complaint upon information and belief, alleges as follows:

**PARTIES**

1. Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

2. Denied that Mr. Favero is a named defendant in this action. The proper party in interest in Defendant, The Estate of Frank E. Favero, as identified in the caption of the Third Amended Complaint. Admitted only that Mr. Favero, while living, resided where alleged.

3. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

4. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

5. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

6. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

7. Denied as to the answering Defendant.

**WHEREFORE,** Defendant demands that the Plaintiff's Third Amended Complaint be dismissed, together with counsel fees and costs of suit.

## FACTS COMMON TO ALL COUNTS

8. Defendant repeats and reiterates its answers to the allegations set forth above in paragraphs 1 through 7 of the Third Amended Complaint as if set forth at length herein.

9. Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

10. Denied that Mr. Favero is a named defendant in this action. The proper party in interest in Defendant, The Estate of Frank E. Favero, as identified in the caption of the Third Amended Complaint. Admitted only that Mr. Favero, while living, operated a vehicle as alleged.

11. Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

12. Denied that Mr. Favero is a named defendant in this action. The proper party in interest in Defendant, The Estate of Frank E. Favero, as identified in the caption of the Third Amended Complaint. Admitted only that Mr. Favero, while living, had a policy of insurance in effect at the time of the accident, which was issued by Co-Defendant Progressive.

**WHEREFORE,** Defendant demands that the Plaintiff's Third Amended Complaint be dismissed, together with counsel fees and costs of suit.

**COUNT I - NEGLIGENCE**

13. Defendant repeats and reiterates its answers to the allegations set forth above in paragraphs 1 through 12 of the Third Amended Complaint as if set forth at length herein.

14. Denied that Mr. Favero is a named defendant in this action. The proper party in interest in Defendant, The Estate of Frank E. Favero, as identified in the caption of the Third Amended Complaint. The statements regarding negligence, carelessness, and recklessness in this paragraph are not allegations, but rather legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

15. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

**WHEREFORE,** Defendant demands that the Plaintiff's Third Amended Complaint be dismissed, together with counsel fees and costs of suit.

**COUNT II – CLASS ACTION COMPLAINT**

22. Defendant repeats and reiterates its answers to the allegations set forth above in paragraphs 1 through 21 of the Third Amended Complaint as if set forth at length herein.

23. The statements within this paragraph are not allegations, but rather Plaintiff's characterization of the Court Rules cited, and as such, no response is required. To the extent a response is required, Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

24. The statements within this paragraph are not allegations, but rather Plaintiff's characterization of her own claims on behalf of the purported class, and as such, no response is required. To the extent a response is required, Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

25. Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

26. Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

27. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

28. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

29. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

30. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

31. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

32. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

33. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

34. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

35. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

36. Admitted only that a release was signed by Plaintiff in favor of Defendant's decedent.

37. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

38. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

39. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

40. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

41. Denied.

42. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

43. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

44. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

45. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

46. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

47. The statements within this paragraph are not allegations, but rather Plaintiff's characterization of the purported class, and as such, no response is required. To the extent a response is required, Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

48. The statements within this paragraph are not allegations, but rather Plaintiff's characterization of the purported class, and as such, no response is required. To the extent a response is required, Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

49. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

50. The statements within this paragraph are not allegations, but rather Plaintiff's characterization of the purported class's claims, and as such, no response is required. To the extent a response is required, Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

51. Denied as to answering Defendant. Answering Defendant engaged in no such practice and did not engage in insuring anyone.

52. The allegations in this paragraph are directed towards parties other than the answering Defendant, and as such, no response is required.

53. The statements within this paragraph are not allegations, but rather Plaintiff's characterization of the purported class's claims, and as such, no response is required. To the extent a response is required, Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

54. The statements within this paragraph are not allegations, but rather Plaintiff's characterization of the purported class's claims, and as such, no response is required. To the extent a response is required, Defendant has insufficient knowledge or information upon which to form a belief and therefore neither admits nor denies same but leaves Plaintiff to proof at trial.

**WHEREFORE,** Defendant demands that the Plaintiff's Third Amended Complaint be dismissed, together with counsel fees and costs of suit.

## SEPARATE DEFENSES

1. Defendant was not negligent.

2. Defendant performed each and every duty owed to the Plaintiff.

3. Recovery is barred or diminished by Plaintiff's own negligence.

4. Recovery is barred by Plaintiff's failure to meet the monetary, verbal threshold or limitation on lawsuit threshold procedural and substantive requirements as set forth at N.J.S.A. 39:6A-8, et seq. and the statute of limitations, N.J.S.A. 2A-14-2.

5. Recovery is barred by virtue of the Plaintiff's entitlement to the benefits, protection and coverage mandated by the New Jersey Automobile Reparation Reform Act and the Automobile Insurance Cost Reduction Act of 1998.

6. Any and all injuries or damages alleged to have been suffered by the Plaintiff were caused solely by the negligence of independent third parties over whom Defendant exerted no control.

7. Agency as between this and any other defendants is denied.

8. Recovery is barred or diminished by the Plaintiff's failure to mitigate damages.

9. Recovery is barred or diminished by Plaintiff's failure to use available restraints.

10. The Third Amended Complaint fails to state a cause of action upon which relief can be granted as against Defendant.

11. Defendant denies any and all negligence, which was the proximate or producing cause of any injuries allegedly sustained by Plaintiff.

12. The summons, or service thereof, is defective and Defendant reserves the right to move to quash service of process or dismiss the Third Amended Complaint.

13. The Plaintiff was guilty of contributory negligence in failing to exercise due and proper care considering the circumstances existing at the time of the incident complained of.

14. This action is barred based on Plaintiff's failure to join a party without whom the action cannot proceed.

15. This action is barred based on insufficiency of process.

16. This action is barred based on insufficiency of service of process.

17. Plaintiff is barred from recovery based on collateral estoppel. See Habick v. Liberty Mutual Fire Insurance Co., 320 N.J. Super. 244 (App. Div.), certif. denied, 161 N.J. 149 (1999); Daphne v. Patel, 407 N.J. Super. 79 (App. Div. 2009).

18. Defendants reserve the right to seek a credit reducing the amount of Plaintiff's judgment, if any, to reflect the degree of fault allocated by the jury to any co-defendant, regardless of settlement by any co-defendant. Defendant asserts that the liability of any settling co-defendant shall be an issue at the time of trial.

19. Plaintiff's claim is barred or, at the very least, the damage to which it is entitled is reduced by virtue of the Doctrine of Avoidable Consequences.

20. Plaintiff's claim is barred by the Doctrine of Assumption and Risk.

21. Any injury or damage allegedly sustained by the Plaintiff was unavoidable as far as Defendant is concerned.

22. The claim is barred by the Statute of Limitations as said suit was not filed within the period or time allowed by said statute.

23. Defendant denies that Plaintiff sustained any injuries whatsoever as a result of any wrongdoing on Defendant's part.

24. The claims of the Plaintiff are barred in whole or in part by the doctrine of comparative negligence pursuant to N.J.S.A. 2A:15-5.1 et seq.

25. This claim does not state a cause of action upon which relief can be granted against Defendant since there was a failure to comply with the requirements of the New Jersey Automobile Reparations Reform Act, N.J.S.A. 39:6A et seq. in such cases made and provided.

26. The accident that is the subject matter of the complaint, having occurred after the effective date of the New Jersey Automobile Reparations Reform Act, N.J.S.A. 39:6A et seq. is subject to the provisions of the Act and Defendant is entitled to all credits, defenses, rights and set-offs set forth herein.

27. The Court lacks jurisdiction over the persons of Defendant by reason of the lack of any necessary minimum contacts between the forum and Defendant for the prosecution of the within action, and Defendant reserves the right to move to dismiss the Third Amended Complaint on or before the time of trial.

28. This Court lacks jurisdiction over the subject matter of this action and Defendant reserves the right to move for dismissal of the Third Amended Complaint.

29. Plaintiff's claim for punitive damages, if any, is without any valid basis in law or in fact and is filed solely for the purpose of harassing this defendant and in the in terrorem effect of such pleadings. As such, Defendant reserves the right to strike same, and seek counsel fees pursuant to P.L. 1988, C.46.

30. Defendant claims credit for all collateral sources from which Plaintiff has or shall receive benefits, pursuant to N.J.S.A. 59:9-2(e).

31. Any outstanding medical bills and expenses claimed by the Plaintiff are not reasonable and necessary medical expenses incurred as a result of the injuries sustained in the

accident alleged and/or resulted from or were necessitated by causes or conditions unrelated to said accident and for which Defendant is not responsible.

32. The Plaintiff has failed to provide adequate and sufficient medical proof of her entitlement to recovery of the medical bills and expenses alleged and is therefore barred from recovery.

33. The claims of the Plaintiff are barred and/or limited by reason of the provisions of the applicable insurance policy, the terms of which are incorporated herein as if set forth at length.

34. The Third Amended Complaint should be dismissed in accordance with the Entire Controversy Doctrine.

35. The incident described in the Third Amended Complaint was caused wholly or partly by the negligence or intentional acts of the Plaintiff and Plaintiff is barred from recovery or recovery is reduced thereby.

36. Plaintiff, even in the event of a recovery against Defendant, is not entitled to attorney's fees and costs.

37. The claims presented by the Third Amended Complaint are barred by the contributing fault of the Plaintiff, whose fault is greater than that of each Defendant or all of the Defendants.

38. Any negligence on the part of the Defendant is superseded by the new and independent conduct, including negligence of third parties, who owed a duty to the Plaintiff over whom the Defendant had no control and which conduct Defendant could neither anticipate nor reasonably foresee and which superseding conduct was not a consequence of Defendant's alleged negligence but which was the efficient cause of the injuries allegedly sustained by Plaintiff.

39. The claims asserted in the Third Amended Complaint are barred by the doctrines of laches, waiver, estopple and unclean hands.

40. Defendant owed no duty to Plaintiff with respect to the subject matter of the Third Amended Complaint, a violation of which would give rise to a cause of action by Plaintiff against Defendant; and if it is determined that Defendant did owe a duty to Plaintiff, it was not breached.

41. While denying all of the allegation of Plaintiff's Third Amended Complaint regarding liability and damages allegedly sustained by Plaintiff, to the extend that Plaintiff may be able to prove any such damages, it is asserted that such damages, if any, arose out of pre-existing conditions and/or as a result of certain events and/or circumstances over which this Defendant had no control.

42. Defendant exercised reasonable care and reasonable safety measures with regard to its conduct. Plaintiff's damages are the direct, proximate and sole result of the Plaintiff's own intentional actions, inactions or negligence over which Defendant had no control and for which Defendant is neither responsible nor liable.

43. Plaintiff's damages were caused by an intervening or superseding cause other than any act or omission alleged on the part of Defendant.

44. Defendant, at all relevant times, acted reasonably and in good faith, and with due care for the rights and safety of others and their property.

45. At all relevant times, Defendant complied with all applicable laws, regulations and standards.

46. Plaintiff, by the exercise of reasonable vigilance, could have discovered the peril in time to avoid injury and had a last clear chance to avoid the subject accident. As such, any recovery by the Plaintiff is barred, and/or must be reduced proportionate to the Plaintiff's failure to exercise reasonable vigilance and utilize their last clear chance to avoid the subject accident.

47. The claims asserted in the Third Amended Complaint are barred by considerations of public policy.

48. Any liability attributable to anyo other co-defendant cannot be imputed to the answering Defendant.

49. Defendant claims a credit against any judgment under the terms of N.J.SA. 2A: 15-97

50. Any claims asserted in this matter are governed and limited by the application of N.J.S.A. 2A: 15-5.2 and 5.3.

51. At the time and place mentioned in the Third Amended Complaint, Defendant violated no legal duty owing to Plaintiff or any of the parties involved in the subject motor vehicle accident and/or the subject litigation.

52. Defendant reserves the right to move to dismiss the Third Amended Complaint at or before the time of trial on the ground that the damages sought by Plaintiff were not solely and proximately related to bodily injury or disability caused by an accident or the subject accident or incident.

53. Defendant reserves the right to move-to dismiss the Third Amended Complaint at or before the time of trial on the ground that Plaintiff has failed to comply with the provisions of N.J.S.A. 39:6A-2 and N.J.S.A. 39:6A-4 in that the damages claimed fail to meet the definitions set forth in N.J.S.A. 39:6A-2 and 17:28-1 et. seq. or as defined by the terms, provisions and exclusions of the policy of insurance.

54. Defendant hereby adopts and incorporates by reference all affirmative defenses raised by other co-defendants in this action. In addition, Defendant will rely upon all other defenses that become applicable or appear during discovery proceedings in this action.

55. Defendant reserves the right to amend its separate defenses and to assert additional defenses and/or supplement, alter or change its separate defenses upon completion of appropriate investigation and discovery.

**CROSSCLAIM FOR CONTRIBUTION**

Defendant hereby makes claims for contribution against each and every co-defendant in this action pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq. and the provisions of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

**WHEREFORE,** Defendant demands judgment against each and every co-defendant for all sums of money which may be assessed against Defendant in favor of the Plaintiff together with costs of suit and attorney's fees.

**CROSSCLAIM FOR INDEMNIFICATION**

While denying any liability to the Plaintiff for the accident, damages and injuries alleged, if Defendant is found liable to the Plaintiff for damages by reason of the alleged acts complained of, Defendant asserts that its negligence was merely constructive, technical, imputed or vicarious and that the Plaintiff's accident, damages and injuries arose through the direct and primary negligence, strict liability, and the breach of express and implied warranties of said co-defendants in this action.

**WHEREFORE,** Defendant demands judgment against each and every co-defendant for all sums of money which may be assessed against Defendant in favor of the Plaintiff together with costs of suit and attorney's fees.

**ANSWER TO ALL CROSSCLAIMS**

Defendant answers all Crossclaims asserted against them, or which shall hereinafter be asserted against it, saying:

1. All Crossclaims for Contribution alleged are denied.

2. All Crossclaims for Indemnification alleged are denied.

3. All other Crossclaims alleged are denied.

**WHEREFORE,** Defendant demands that all Cross-Claims be dismissed, together with counsel fees and cost of suit.

**JURY DEMAND**

Defendant hereby demand a trial by jury to assess all issues.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-5, Defendant hereby designate Francis J. Leddy, III, Esq. as trial counsel.

**DEMAND FOR ANSWERS TO INTERROGATORIES**

Defendant hereby demands that Plaintiff provide Rule 26 Disclosures and answers to Form "A" Uniform Interrogatories within the time provided by New Jersey Court Rules.

**DEMAND FOR STATEMENT OF DAMAGES**

Defendant demand that the Plaintiff provide to the undersigned within five (5) days, a written statement of the amount of damages claimed in accordance with Rule 4:5-2.

**CERTIFICATION**

I hereby certify that this matter is not the subject matter of any other suit presently pending in any other court or in any arbitration proceeding. At this time, I know of no other parties that should be joined in this action.

I hereby certify that this pleading was served within the time period allowed.

**CIPRIANI & WERNER, P.C.**

______________________________
**FRANCIS J. LEDDY, III, ESQ.**
**MATTHEW K. MITCHELL, ESQ.**
Attorney for Defendant, The Estate of Frank E. Favero

Date: January 30, 2019