**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANA LIDIA ALPIZAR-FALLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE ESTATE OF FRANK E. FAVERO, JOHN DOE 1-5; JOHN DOE INCORPORATED 1-5: (fictitious designation), BRIAN BARBOSA, and PROGRESSIVE GARDEN STATE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.: 3:17-cv-02768 |

**DEFENDANTS PROGRESSIVE GARDEN STATE INSURANCE COMPANY'S AND BRYAN BARBOSA'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND THE ESTATE OF FRANK E. FAVERO'S CROSSCLAIMS**

Defendants PROGRESSIVE GARDEN STATE INSURANCE COMPANY and BRYAN BARBOSA (collectively, "Progressive") respond to Plaintiff's Third Amended Complaint as follows:

**PARTIES**

1. At all times material hereto, Plaintiff, Ana Lidia Alpizar-Fallas, was a resident of the State of New Jersey, residing at 120 N. 4th Avenue, Apt. 11, Manville, County of Somerset, New Jersey 08835.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third Amended Complaint.

2. At all times material hereto, Defendant, Frank E. Favero, was a resident of the State of New Jersey residing at 108 S. 19th Avenue, Manville, County of Somerset, New Jersey 08835.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 2 of the Third Amended Complaint.

3. At all times material hereto, Defendant, Progressive Insurance Company ("Progressive"), was licensed and authorized to issue insurance contracts and/or policies in the State of New Jersey.

**Answer:** Progressive denies the allegations in Paragraph 3 of the Third Amended Complaint, except admits that Progressive Garden State Insurance Company writes private passenger auto insurance policies in the state of New Jersey.

4. At all times material hereto, Defendant, Bryan Barbosa ("Barbosa"), was an agent and/or employee of Defendant, Progressive and acted as a claims adjuster on behalf of Progressive under their direct supervision.

**Answer:** Progressive denies the allegations in Paragraph 4 of the Third Amended Complaint, except admits that Defendant Bryan Barbosa was a claims representative for Progressive at the time of Plaintiff's December 14, 2014, alleged loss.

5. At all times material hereto, Defendants, John Doe 1-5; were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said Defendants being presently unknown. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs. The Plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the Defendants represented herein as John Doe 1-5.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third Amended Complaint.

6. At all times material hereto, Defendants, John Doe Incorporated 1-5; were and/or are fictitiously named partnerships, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown. Said Defendants owned, operated, maintained and or controlled their vehicles in such a negligent manner as to injure the Plaintiffs. The Plaintiffs reserve the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the defendants represented herein as John Doe Incorporated 1-5.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third Amended Complaint.

7. All Defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

**Answer:** Progressive denies the allegations in Paragraph 7 of the Third Amended Complaint.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff herein incorporates paragraphs 1 through 17 as though the same were set forth herein at length.

**Answer:** Progressive incorporates all of its responses to Paragraphs 1 through 17 of the Third Amended Complaint as though fully set forth herein.

9. On or about December 14, 2014, Plaintiff, Ana Lidia Alpizar-Fallas, was a passenger in a vehicle that was traveling northbound on Route 206 at or near its intersection with Camplain Road, Hillsborough Township, County of Somerset and State of New Jersey.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third Amended Complaint.

10. At the above time and place, Defendant, Frank E. Favero was the owner and operator of a vehicle that was traveling northbound on Route 206 at or near its intersection with Camplain Road, Hillsborough Township, County of Somerset and State of New Jersey.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third Amended Complaint.

11. At the above time and place, Plaintiff, Ana Lidia Alpizar-Fallas, was a named insured with an insurance policy with Defendant, Progressive that was valid and in full force and effect at the time of the accident.

**Answer:** Progressive denies the allegations in Paragraph 11 of the Third Amended Complaint, except admits that on December 14, 2014, Ana Alpizar was a named insured on auto insurance policy 903507176 with Progressive Garden State Insurance Company, insuring a 2012 Toyota Highlander, VIN 5TDBK3EH0CS125259.

12. At the above time and place, Defendant, Frank E. Favero, was a named insured with an insurance policy with Defendant, Progressive that was valid and in full force and effect at the time of the accident.

**Answer:** Progressive denies the allegations in Paragraph 12 of the Third Amended Complaint, except admits that on December 14, 2014, Frank E. Favero was a named insured on an auto insurance policy with Progressive Garden State Insurance Company.

**COUNT I - NEGLIGENCE**

13. Plaintiff herein incorporates paragraphs 1 through 12 as though the same were set forth herein at length.

**Answer:** Progressive incorporates all of its responses to Paragraphs 1 through 12 of the Third Amended Complaint as though fully set forth herein.

14. At the above time and place, Defendant, Frank Favero, and/or John Does 1-5 (fictitiously named) and/or John Doe Incorporated 1-5 (fictitiously named), so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause a collision with Plaintiff's vehicle.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third Amended Complaint.

15. At the above time and place Defendants, John Does 1-5 (fictitiously named) and John Doe Incorporated 1-5 (fictitiously named), their agents or assigns so carelessly, negligently and recklessly operated, maintained or repaired said vehicle so as to cause the within collision.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Third Amended Complaint.

16. As a result of the individual, joint and/or several tortuous conduct of the various Defendants as set forth above, Plaintiff, Ana Lidia Alpizar-Fallas , was caused to be violently twisted, jolted, strained and lurched about thereby sustaining serious injuries and damages.

**Answer:** Progressive denies the allegations in Paragraph 16 of the Third Amended Complaint.

17. As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past and will in the future be obliged to receive and undergo medical attention and care

and to expend various sums of money and/or to incur various expenses for care and treatment of the injuries she has suffered, all to her great detriment and loss.

**Answer:** Progressive denies the allegations contained in Paragraph 17 of the Third Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's future medical treatment, any medical treatment not disclosed to Progressive and any money to be incurred in the future or money incurred that was not disclosed to Progressive.

18. As a further result of this incident and by reason of the injuries sustained, Plaintiff has sustained an impairment of her earning capacity and power, all to her great detriment and loss.

**Answer:** Progressive denies the allegations contained in Paragraph 18 of the Third Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's earning capacity and power.

19. As a further result of this incident and by reason of the injuries sustained, Plaintiff has in the past incurred and will in the future continue to incur other financial losses or expenses.

**Answer:** Progressive denies the allegations contained in Paragraph 19 of the Third Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's future financial losses or expenses.

20. As a further result of this accident and by reasons of the injuries sustained, Plaintiff has in the past suffered and will in the future continue to suffer great pain, suffering, agony, mental anguish, embarrassment and humiliation, all to her great detriment and loss.

**Answer:** Progressive denies the allegations contained in Paragraph 20 of the Third Amended Complaint.

21. As a further result of this incident and by reasons of the injuries sustained, plaintiff has in the past and will in the future be hindered from attending to her daily duties, functions and occupation, all to her great detriment and loss.

**Answer:** Progressive denies the allegations contained in Paragraph 21 of the Third

Amended Complaint

**COUNT II---CLASS ACTION COMPLAINT**

22. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 as if fully set forth herein.

**Answer:** Progressive incorporates all of its responses to Paragraphs 1 through 21 of the Third Amended Complaint as though fully set forth herein.

23. Plaintiffs, as class representatives, bring this action pursuant to New Jersey Court Rules 4:32-1(a) and 4:32-1(b)(2) and/or (b)(3), on behalf of a class consisting of all present and former policy holders of Defendant Progressive who were involved in motor vehicle accidents with other parties also insured by Defendant Progressive.

**Answer:** Paragraph 23 of the Third Amended Complaint states Plaintiff's contentions and conclusions of law and therefore no response is required.

24. Plaintiff, Ana Lidia Alpizar-Fallas, individually and on behalf of all similarly situated, brings this Amended Class Action Complaint seeking compensatory damages, injunctive and declaratory relief, as well as attorneys' fees and costs, against Defendants, Progressive and Barbosa and alleges as follows.

**Answer:** Paragraph 24 of the Third Amended Complaint states Plaintiff's contentions and conclusions of law and therefore no response is required.

25. On or about December 14, 2014, immediately following the accident, Plaintiff was transported by ambulance from the scene of the accident to Robert Wood Johnson University Hospital, located in Somerset, New Jersey.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Third Amended Complaint.

26. On or about December 14, 2014, Plaintiff was discharged to her home from Robert Wood Johnson University Hospital.

**Answer:** Progressive denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third Amended Complaint.

27. On or about December 15, 2014, at approximately 7:00 – 8:00 a.m., Defendant Barbosa contacted the Plaintiff and/or her husband, Jose Ovares, by phone as an agent/employee of Defendant Progressive.

**Answer:** Progressive denies the allegations contained in Paragraph 27 of the Third Amended Complaint, except admits that Bryan Barbosa, as an employee of Progressive, spoke with Jose Ovares on the phone on the morning of December 15, 2014.

28. Defendant, Barbosa, represented to Plaintiff, Ana Lidia Alpizar-Fallas and her husband, Jose Ovares, that he was an agent of the Plaintiff's insurance company Progressive, and that he was in the neighborhood and that Plaintiff's insurance company wanted him to visit the Plaintiff, inspect the damage to her motor vehicle and sign paperwork to expedite the processing of the property damage claim.

**Answer:** Progressive denies the allegations contained in Paragraph 28 of the Third Amended Complaint, except admits that Bryan Barbosa met with Ana Alpizar and Jose Ovares on December 15, 2014.

29. On or about December 15, 2014, at approximately 9:00 a.m., Defendant, Barbosa, arrived at the Plaintiff's property, and produced multiple documents for the Plaintiff and her husband, Jose Ovares, to complete.

**Answer:** Progressive denies the allegations contained in Paragraph 29 of the Third Amended Complaint, except admits that Bryan Barbosa met with Ana Alpizar and Jose Ovares on December 15, 2014.

30. Defendant, Barbosa, expressly represented to the Plaintiff, and her husband, Jose Ovares, that their signatures were necessary for their insurance company, Defendant, Progressive to expedite the processing of the property damage claim.

**Answer:** Progressive denies the allegations contained in Paragraph 30 of the Third Amended Complaint, except admits that Bryan Barbosa met with Ana Alpizar and Jose Ovares on December 15, 2014.

31. Defendant Barbosa, represented to the Plaintiff that the accident that resulted in severe injury to the Plaintiff had a questionable issue of liability.

**Answer:** Progressive denies the allegations contained in Paragraph 31 of the Third

Amended Complaint, except admits that Bryan Barbosa met with Ana Alpizar and Jose Ovares on December 15, 2014.

32. Defendant Barbosa, required the Plaintiff to sign a document that he expressly represented would expedite the property damage claim of the accident.

**Answer:** Progressive denies the allegations contained in Paragraph 32 of the Third Amended Complaint, except admits that Bryan Barbosa met with Ana Alpizar and Jose Ovares on December 15, 2014.

33. When presented with the document, and in reliance upon the express representations of Defendant Barbosa that signing the document would facilitate Plaintiff's receipt of payment for the property damage caused by the accident, the Plaintiff signed the document.

**Answer:** Progressive denies the allegations contained in Paragraph 33 of the Third Amended Complaint.

34. Plaintiff is not a sophisticated business person or skilled in understanding the significance of legal agreements. Instead, Plaintiff relied on the express false representations of the agent and/or employee of her insurance company's claims adjuster---Defendant Barbosa---that the documents he prepared and delivered to her needed to be signed merely to facilitate her receipt of the money for the damages to her motor vehicle.

**Answer:** Progressive denies the allegations in Paragraph 34 of the Third Amended Complaint.

35. Unbeknownst to the Plaintiff, the Defendant Barbosa falsely represented the nature of the documents that Plaintiff signed. The document, prepared by the Insurance Defendants was in fact a broadly written comprehensive general release of any and all claims.

**Answer:** Progressive denies the allegations in Paragraph 35 of the Third Amended Complaint.

36. The release contained language that released, acquitted and forever discharged all claims against Defendant, Frank Favero for any and all known and unknown personal injuries resulting from the motor vehicle accident.

**Answer:** Progressive states that no response is required to Paragraph 36 of the Third

Amended Complaint because the release speaks for itself.

37. Defendant Barbosa, through his acts and/or omissions did not explain the legal significance of the document he demanded the Plaintiff to sign.

**Answer:** Progressive denies the allegations in Paragraph 37 of the Third Amended Complaint.

38. Defendant Barbosa, did not speak the Plaintiff's native language, Spanish.

**Answer:** Progressive admits that Bryan Barbosa's meeting with Ana Alpizar and Jose Ovares on December 15, 2014, was conducted in English.

39. Defendant Barbosa, required the Plaintiff to sign the release in his presence at her home.

**Answer:** Progressive denies the allegations contained in Paragraph 39 of the Third Amended Complaint.

40. Defendant Barbosa, did not advise Plaintiff that she could or should seek an attorney prior to signing the release.

**Answer:** Progressive denies the allegations contained in Paragraph 40 of the Third Amended Complaint.

41. Plaintiff did not understand that by signing the document presented to her by Defendant Barbosa, that she was waiving her right to sue the Defendant, Frank E. Favero----also a person insured by Progressive---- for injuries sustained in the accident.

**Answer:** Progressive denies the allegations contained in Paragraph 41 of the Third Amended Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's understanding and admits that on December 14, 2014, Frank E. Favero was a named insured on an auto insurance policy with Progressive Garden State Insurance Company.

42. Plaintiff reasonably relied on the materially false representations of the Insurance Company Defendants Defendant, Bryan Barbosa, when she signed the documents since Defendant Barbosa, represented to the Plaintiff that he was an agent of the Plaintiff's own insurance company, Progressive.

**Answer:** Progressive denies the allegations in Paragraph 42 of the Third Amended Complaint.

43. Prior to the signing the documents presented to her on December 15, 2015, and at various and numerous dates subsequent thereto, Defendants Barbosa and Progressive and others at the insurance company have engaged in this same pattern of unlawful conduct with respect to other similarly situated individuals.

**Answer:** Progressive denies the allegations in Paragraph 43 of the Third Amended Complaint.

44. As a result of this deceptive and unconscionable practice, present and former insurance policy holders of Defendant, Progressive have and continue to be stripped of their rights to pursue claims against other policy holders of Progressive Insurance Company due to the Defendants' false and misleading representations, in violation of state law and regulations of the State of New Jersey applicable to insurance companies engaged in claims resolution.

**Answer:** Progressive denies the allegations in Paragraph 44 of the Third Amended Complaint.

45. The unconscionable business practices of Progressive amount to a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. entitling the Plaintiff on her own behalf and as a Class Representative to declaratory relief, injunctive relief, compensatory damages, and trebled damages pursuant to the Act.

**Answer:** Progressive denies the allegations in Paragraph 45 of the Third Amended Complaint.

46. The unconscionable business practices of Progressive amount to a violation of the Unfair Claims Settlement Practices regulations contained at N.J.A.C. 11:2-17 et seq. entitling the Plaintiff on her own behalf and as a Class Representative to relief.

**Answer:** Progressive denies the allegations in Paragraph 46 of the Third Amended Complaint.

47. While the precise number of class members is presently unknown to the Plaintiff, class members include all individuals that purchased and maintained insurance policies with Defendant Progressive, who were injured as a result of a motor vehicle accident with other drivers who were insured by Defendant Progressive at the time of a motor vehicle accident within the past six (6) years preceding the filing of this class action complaint.

**Answer:** Paragraph 47 of the Third Amended Complaint states Plaintiff's contentions and conclusions of law and therefore no response is required.

48. Upon information and belief, the number of individuals that were insured by Defendant Progressive who were involved in motor vehicle accidents with other drivers who had insurance policies with Defendant Progressive would exceed 150 individuals. The number of class members is so numerous that joinder of all class members is impracticable.

**Answer:** Progressive denies the allegations in Paragraph 48 of the Third Amended Complaint.

49. The members of the class are readily identifiable from records maintained by, and in the possession of, Defendant Progressive, and will be notified of this class action using the methods of notice that are customarily used in class actions.

**Answer:** Progressive denies the allegations in Paragraph 49 of the Third Amended Complaint.

50. Plaintiff's claims are typical of the members of the class, as all class members are similarly affected by the unlawful conduct of Defendants as alleged in this class action complaint.

**Answer:** Progressive denies the allegations in Paragraph 50 of the Third Amended Complaint.

51. As a result of Defendants' systematic practice of misleading its injured insureds to sign comprehensive general releases within days of an accident in order to prevent its injured insureds from pursuing a claim against drivers who were also insured by Defendant Progressive, the class action mechanism is superior to all other available means and methods for the fair and efficient adjudication of this controversy since:

(a) The expense and burden of individual litigations filed by each present and former insurance policy holder of Defendant makes it difficult, if not impossible, for individual class members to obtain relief caused by Defendants' unlawful conduct:

(b) The joinder, in a single action, all individual members of the class is impracticable;

(c) The damages suffered by each individual class member will be difficult to measure in monetary terms and may likely be in amounts that make it impracticable for each individual class member to pursue; and

(d) The requested injunctive relief will impact a significant number of class members as well as benefit the future insurance policy holders of the Defendant.

**Answer:** Progressive denies the allegations in Paragraph 51 of the Third Amended Complaint.

52. Because Defendant Progressive, Barbosa, and other agents and or employees of Progressive are engaging in conduct that is similar to most, if not all, class members, final injunctive and/or declaratory relief is appropriate with respect to the class as a whole.

**Answer:** Progressive denies the allegations in Paragraph 52 of the Third Amended Complaint.

53. Common questions of law and fact exist as to all class members, and predominate over any questions that solely affect individual class members. These common questions of law and fact include:

(a) Whether Progressive and its agents, servants, and employees intentionally, purposefully and/or knowingly misled and/or misrepresented to policy holders of Progressive who were injured in automobile accidents with other insured drivers of Progressive in order to obtain their signatures on comprehensive general releases in order to prevent policy holders of Progressive to pursue a claim for injuries following an accident to which they were entitled?

(b) Whether Defendants are engaging in a systematic and widespread practice of incentivizing and/or encouraging and/or requiring agents and/or adjusters and/or employees of Defendant, Progressive to wrongly induce through misrepresentations targeted to get injured insured policy holders of Progressive to sign full releases in claims involving other insured drivers of Defendant, Progressive for nominal sums within days of an accident?

(c) Whether Defendants' practices of having its injured, insured policy holders sign comprehensive general releases for nominal sums within days of an accident for claims involving other drivers of Defendant Progressive based on the misrepresentation that it was for property damage only violates the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.?

(d) Whether comprehensive general releases obtained by Progressive and its agents and servants under similar circumstances should be declared null and void and of no further force and effect?

(e) Whether any class member who provided Progressive with a comprehensive general release, and is now barred from bringing suit pursuant to the statue of limitations, should be permitted to commence suit directly against Progressive for any damages sustained?

**Answer:** Progressive denies the allegations in Paragraph 53 of the Third Amended Complaint.

54. Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has no interest antagonistic to the interests of the other class members and have retained counsel experienced in handling class action litigation.

**Answer:** Progressive denies the allegations in Paragraph 54 of the Third Amended Complaint.

The remaining allegations in the Third Amended Complaint are prayers for relief to which no response is necessary. To the extent a response is required, Progressive denies that Plaintiff is entitled to any relief.

All allegations in the Third Amended Complaint that are not expressly admitted, denied or otherwise addressed are specifically denied as though set forth individually and separately denied.

## AFFIRMATIVE DEFENSES

Progressive sets forth the following affirmative and other defenses to Plaintiff's Third Amended Complaint. Progressive does not intend to assume the burden of proof with respect to any matters as to which Plaintiff bears the burden under applicable law.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The granting of Plaintiff's demands in the Third Amended Complaint would result in unjust enrichment.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's grievances should be addressed by the New Jersey Department of Banking and Insurance and therefore this court lacks jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

Progressive's conduct is permitted under the laws and regulations of the State of New Jersey and elsewhere.

**SIXTH AFFIRMATIVE DEFENSE**

Progressive, at all times, complied with and fulfilled all of its obligations under any and all insurance laws and regulations, and court opinions interpreting the applicable insurance laws and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because she did not sustain any ascertainable losses or damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff and putative class members are not entitled to attorneys' fees, punitive damages, treble damages, costs or declarative and/or injunctive relief.

**NINTH AFFIRMATIVE DEFENSE**

Progressive at all times complied with its contractual obligations under Plaintiff's insurance policy.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Third Amended Complaint, if any; Plaintiff's claims are barred by the Doctrine of Avoidable Consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to timely and completely exhaust the requisite administrative remedies, statutory and/or contractual remedies, and/or policy conditions precedent available to it prior to commencing this action.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because, without admitting (and specifically denying) Progressive owed any duty to Plaintiff, any duty or obligation owed was fully performed, satisfied, and/or discharged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by set-off and/or recoupment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by release.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by accord and satisfaction.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by waiver, and/or laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by N.J.S.A. 39:6A-8, Tort exemption, limitation on the right to noneconomic loss.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Progressive complied with all policy provisions and terms.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under her policy with Progressive, including by, but not

limited to, the "Legal Action Against Us" provision.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because there is no private cause of action based on her allegations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the New Jersey Consumer Fraud Act does not provide a private right of action for claims handling.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because her allegations do not relate to her insurance policy with Progressive.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Progressive did not act unlawfully.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by statute of limitations.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by Plaintiff's entitlement to the benefits, protection and coverage mandated by the New Jersey Automobile Reparation Reform Act and the Automobile Insurance Cost Reduction Act of 1998.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by Plaintiff's negligence and/or her failure to use available restraints.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Assumption and Risk.

Progressive expressly reserves the right to assert additional defenses as may be warranted by facts obtained during the course of investigation and/or discovery in this litigation.

Defendants PROGRESSIVE GARDEN STATE INSURANCE COMPANY and BRYAN BARBOSA (collectively, "Progressive") respond to Defendant the Estate of Frank E. Favero's ("Favero") Crossclaims for Contribution and Indemnification ("Crossclaims") as follows:

## CROSSCLAIM FOR CONTRIBUTION

Favero's Crossclaim for Contribution states his contentions and conclusions of law and therefore no response is required. To the extent a response is required, Progressive denies that Favero is entitled to any relief.

## CROSSCLAIM FOR INDEMNIFICATION

Favero's Crossclaim for Indemnification states his contentions and conclusions of law and therefore no response is required. To the extent a response is required, Progressive denies that Favero is entitled to any relief.

All allegations in the Crossclaims that are not expressly admitted, denied or otherwise addressed are specifically denied as though set forth individually and separately denied.

## AFFIRMATIVE DEFENSES TO CROSSCLAIMS

Progressive sets forth the following affirmative and other defenses to Favero's Crossclaims. Progressive does not intend to assume the burden of proof with respect to any matters as to which Favero bears the burden under applicable law.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Crossclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Crossclaims are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

The granting of Favero's demands in the Crossclaims would result in unjust enrichment.

**FOURTH AFFIRMATIVE DEFENSE**

Favero's grievances should be addressed by the New Jersey Department of Banking and Insurance and therefore this court lacks jurisdiction.

**FIFTH AFFIRMATIVE DEFENSE**

Progressive's conduct is permitted under the laws and regulations of the State of New Jersey and elsewhere.

**SIXTH AFFIRMATIVE DEFENSE**

Progressive, at all times, complied with and fulfilled all of its obligations under any and all insurance laws and regulations, and court opinions interpreting the applicable insurance laws and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

Favero's claims are barred because it did not sustain any ascertainable losses or damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Favero is not entitled to the relief it seeks.

**NINTH AFFIRMATIVE DEFENSE**

Progressive at all times complied with its contractual obligations under Plaintiff's and Favero's insurance policies.

**TENTH AFFIRMATIVE DEFENSE**

Favero has failed, refused, and/or neglected to mitigate or avoid the damages complained of, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

Favero has failed to timely and completely exhaust the requisite administrative remedies, statutory and/or contractual remedies, and/or policy conditions precedent available to it prior to commencing this action.

**TWELFTH AFFIRMATIVE DEFENSE**

Favero's claims are barred because, without admitting (and specifically denying) Progressive owed any duty to Favero, any duty or obligation owed was fully performed, satisfied, and/or discharged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Favero's claims are barred by set-off and/or recoupment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Favero's claims are barred by release.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Favero's claims are barred by accord and satisfaction.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Favero's claims are barred by waiver, and/or laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Progressive complied with all policy provisions and terms.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Favero's claims are barred under her policy with Progressive, including by, but not limited to, the "Legal Action Against Us" provision.

**NINETEENTH AFFIRMATIVE DEFENSE**

Favero's claims are barred by Favero's negligence and/or her failure to use available

restraints.

Progressive expressly reserves the right to assert additional defenses as may be warranted by facts obtained during the course of investigation and/or discovery in this litigation.

Dated: February 1, 2019

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

BY: /s/ Francis X. Nolan, IV
Francis X. Nolan, IV
Kymberly Kochis (*admitted pro hac vice*)
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Facsimile: (212) 386-5099
FrankNolan@eversheds-sutherland.com

**Attorneys for Defendants PROGRESSIVE GARDEN STATE INSURANCE COMPANY and BRYAN BARBOSA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on February 1, 2019:

Edward P. Capozzi, Esq.
Charles X. Gormally, Esq.
Thomas Kamvosoulis, Esq.
**BRACH EICHLER, L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
*Attorneys for Plaintiff*

Matthew K. Mitchell, Esq.
Francis J. Leddy, III, Esq.
**Cipriani & Werner, P.C.**
155 Gaither Drive, Suite B
Mt. Laurel, New Jersey 08054
*Attorneys for Defendant*
*The Estate of Frank E. Favero*

/s/ Francis X. Nolan, IV